PINSON v. COBB.

## Opinion delivered May 4, 1914.

BILLS AND NOTES—INNOCENT PURCHASER FOR VALUE—BURDEN OF PROOF.—
   Where appellant brought suit on a note, and defendant plead that
   appellant was not a *bona fide* purchaser for value, the burden is
   on appellant to show himself a purchaser for a substantial consid-
   eration, and when once established, the burden is then on defendant
   to show that appellant had notice of defenses, and proof of a mere
   suspicion is not sufficient.

Appeal from Pulaski Chancery Court; *Jno. E. Martineau,* Chancellor; reversed.

*Gaughan & Sifford* and *E. O. Mahoney,* for appellant.

1. Appellant paid a good and valid consideration for the note.

One who takes a negotiable instrument in payment of a past due obligation of the payee, is an innocent purchaser for value. 1 Daniels, Neg. Inst., 636; 13 Ark. 150.

2. Threats of a civil suit do not constitute coercion. 109 La. 13; 155 Mass. 233; 76 Minn. 257; 71 Fed. 58.

*Terry, Downie & Streepey,* for appellees.

1. Pinson was not an innocent purchaser for value before maturity.

2. The note was without consideration.

McCULLOCH, C. J. Appellant, W. J. Pinson, instituted this action in the circuit court of Pulaski County against appellees, J. D. Cobb, Ben Cox, W. N. Morris and G. W. Fair, to recover the amount of a promissory note in the sum of $5,000 executed by appellees to one S. R. Morgan and assigned to appellant by Morgan for a valuable consideration.

Appellees answered, admitted that they executed the note in suit, but alleged that Morgan obtained it from them by fraud and coercion, and that appellant was not an innocent purchaser without notice of the facts upon which the defense against payment is based. It is alleged in the answer that appellees and Morgan were stockholders in the People's Life Insurance Company of Little Rock, Morgan having subscribed for a certain amount of stock, and paid for the same in part by deliv-

ering eleven first mortgage bonds of the El Dorado Light
& Power Company, of the par value of $1,000 each; that
subsequently, Morgan conspired with one Craig, who was
secretary of the company, and procured the redelivery
to himself of said bonds; that the possession of said
bonds in the hands of the officers of the company was
necessary in order to make a proper showing to the In-
surance Commissioner to obtain his certificate and, in
order to secure from Morgan the return of said bonds to
the proper officers of the insurance company, they (ap-
pellees) were compelled by Morgan to execute two notes,
the one in suit for $5,000, and the other for $5,540, and
that there was no valid consideration for the execution
of the notes.

Appellees moved to transfer the cause to the chan-
cery court, and the cause was transferred by consent of
all parties.

We will not enter into a discussion of the question
whether the allegations of the answer and the proof ad-
duced in support thereof constituted a defense to the note
while the same remained in the hands of the original
holder, for we are of the opinion that the evidence estab-
lishes the fact that appellant Pinson was a *bona fide*
holder for value without notice of any infirmity, and the
defense can not be sustained as against his right to re-
cover. Pinson and Morgan both resided in El Dorado,
Arkansas, and appellees resided in and about Little Rock.
Pinson and Morgan both testified that before the ma-
turity of the note Morgan sold it to Pinson and received,
in consideration of the sale, shares of stock in the Amer-
ican Bank & Trust Company of El Dorado, of the par
value of $1,000, and stock in the El Dorado Light & Water
Company, of the par value of $1,000, and the surrender
of Morgan's note for $2,000 held by Pinson, leaving a
balance of $1,000, which Pinson held as a credit in favor
of Morgan and subsequently paid it down to a balance of
$450 due at the time of the trial of this case. Pinson also
testified that he had no notice of any defense to the note
or any circumstances sufficient to put him upon inquiry.

In other words, he testified that he purchased the note in good faith and paid for it as above stated, and had no knowledge or intimation that the validity of the note would be contested. He stated that he was not acquainted with any of the makers of the note except Mr. Cox; but from what he had heard of Cox and from the statements of Morgan, he became satisfied that the note was good, and he purchased it.

There is no testimony whatever tending to show that Pinson's statements as to his purchase of the note and as to the good faith of the transaction are not true.

The only thing relied on to impeach the good faith of the transaction is that Pinson and Morgan lived in the same town, that they were distantly related by marriage, and had formerly been connected with a bank at the same time.

It is an undisputed fact in the case that Pinson paid a valuable consideration for the note, and that the consideration was substantially adequate. There is nothing whatever to dispute that fact, and it is supported by the uncontradicted testimony of Pinson and Morgan. The burden of proof was on appellant to establish that fact, but when once established the burden shifted to appellees to show that Pinson had notice of the facts which constituted the defense. Appellees have, as before stated, adduced no proof except a mere suspicion, from the relations between the parties, that Pinson might have known that there was something wrong with the note. The relations between Pinson and Morgan were not such as would warrant an inference of such intimacy as would throw a cloud upon transactions between them.

We need not go so far as to say that the testimony was not sufficient to have warranted a jury in a trial at law in finding in favor of appellees on that issue, but this being a chancery case, and is heard here de novo, we are of the opinion that the chancellor's finding is not supported by the preponderance of the testimony. The decree is therefore reversed and judgment will be entered here in appellant's favor for the amount of the note, interest and protest fees as set forth in the complaint.