## FARMERS' BANK OF ROFF v. NICHOLS.

No. 347. Opinion Filed January 11, 1910.

(106 Pac. 834.)

BILLS AND NOTES—Bona Fide Purchaser—Defenses. A negotiable promissory note was executed in payment of the premium on some life insurance policies. At the time of the delivery of the note to payee, who was agent for the insurance company, the payee executed a written agreement that if the maker of the note within a stipulated time investigated the company and

found it not satisfactory or as represented, the note or the amount thereof in cash would be refunded to the maker by the payee. **Held,** that the contemporaneous agreement did not constitute the delivery of the note a conditional delivery or deny to the payee the right to transfer the same, and that one who purchased the note in due course of business. before maturity. for a valuable consideration, could recover in an action thereon, although at the time of the transfer he had notice of the contemporaneous agreement.

(Syllabus by the Court.)

*Error from Pontotoc County Court; Joel Terrell, Judge.*

Action by the Farmers' Bank of Roff against I. D. Nichols. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Clinton A. Galbraith* and *Tom D. McKeown,* for plaintiff in error.—Citing: *Spivallo v. Patton* (Colo.) 99 Am. Dec. 358; *Stale Nat. Bank v. Cason,* 39 La. Ann. 865; *Goodman v. Simonds,* 20 How. (U. S.) 343; *Jennings v. Todd,* 118 Mo. 296.

*Duke Stone,* for defendant in error.—Citing: Joyce on Defenses to Com. Paper, § 314; *Mendenhall v. Ulrich* (Minn.) 101 N. W. 1057; *Shufeldt v. Gillilan,* 124 Ill. 460; *French v. Wallack,* 12 N. Y. 159; *Johnson v. Bank,* 24 Ill. App. 352; *Pope v. Hays,* 19 Texas, 375; *Heard v. Shedden,* 113 Ga. 162.

HAYES, J. This is an action upon a promissory note for the sum of $438.20, executed by defendant in error on the 20th day of August, 1907, to one R. M. Carter, a life insurance agent, in payment of a premium on a policy of life insurance, the same being payable on January 1, 1908. After the execution of the note and before maturity thereof, it was assigned by the payee to the Farmers' Bank of Roff, plaintiff in error, who brought this action and alleged in its petition in substance the foregoing facts, and that the note is due and unpaid.

The defense relied upon by defendant in substance is: That at the time of the execution and delivery of the note by him a contract in writing was executed and delivered by the payee of said note to defendant as follows:

"I, R. M. Carter, agree to refund note given by said I. D.

Nichols, for policies No. 1124, 1125, 1126 in the Great Western Life Insurance Co. of Kansas City, Missouri, the amount of note being $438.20, the said Carter gives said I. D. Nichols, until the first day of Jan. 1908, to investigate the said Great Western Life Insurance Co., and if not found satisfactory or as represented to be, the note for $438.20 or the amount in cash $438.20 shall be refunded to the said I. D. Nichols. This August the 20th, 1907." That defendant investigated the insurance company and found the same not as represented and not satisfactory to him, and that before January 1, 1908, he gave notice of these facts to the payee. That prior to the purchase of the note by plaintiff he notified the officers of the plaintiff bank of the foregoing contract relative to said note, and exhibited said contract and the contents thereof to the officers of the bank, who conducted the transaction for it, by which the note was purchased from the payee.

The verdict of the jury and the judgment of the lower court was in favor of defendant.

Several assignments of error have been made by plaintiff in his petition and urged in its brief, but they present in substance but one question, and that is whether the plaintiff is a *bona fide* holder of the note sued upon. The written contemporaneous agreement relied upon by defendant in his answer is not denied. The note is negotiable in form, and that the same was assigned to plaintiff before maturity in the due course of business for value is not questioned. Whether plaintiff had notice of the contemporaneous agreement and its contents the evidence is in irreconcilable conflict, but, for the purpose of this proceeding, it must be considered that plaintiff had knowledge at the time of its purchase of the note of the contents of the agreement. The sole question to be determined is: What is the effect of the contemporaneous agreement upon the rights of plaintiff who acquired the note with knowledge of such infirmity of payee's title, if any, as existed by reason of said agreement?

It is contended by defendant, and it appears that the trial court proceeded upon the theory, that by the terms of the con-

temporaneous agreement the delivery of the note by defendant to Carter was conditional, and that Carter could not become the absolute owner of the note until January 1, 1908, and not then if defendant, after having investigated the insurance company, found same not as represented and not satisfactory.   The authorities hold that where the maker of a note delivers it to the payee with the agreement that it shall not take effect until the happening of a certain contingency or the performance of a certain condition, and where neither the contingency has occurred nor the condition been performed, the note never becomes operative, and an action thereon by the payee or his assignee with notice cannot be maintained.   *Johnson v. First National Bank of Morrison,* 24 Ill. App. 352; *Mendenhall v. Ulrich,* 94 Minn. 100, 101 N. W. 1057.   See, also, *Myrich v. Purcell et al.,* 5 Am. & Eng. Ann. Cas. p. 148.   And this is true although the contemporaneous agreement be parol.   *Graham et al. v. Remmel,* 76 Ark. 140, 88 S. W. 899; *Mehlin v. Mut. Res, Fund Life Ass'n,* 2 Ind. T. 396, 51 S. W. 1063; Joyce on Defenses to Com. Paper, § 310.   But we are unable to concur with the trial court in construing the contract in this case as imposing a condition upon the delivery of the note made by defendant to Carter that it should not become operative except upon certain contingencies. He sold the defendant some insurance policies, and took in payment of the premium thereon the note.   He agreed with defendant that defendant should have a stipulated time in which to investigate the insurance company, and, if he found it not as represented or unsatisfactory, the note should be refunded to him, either by the return of the note or by payment of the amount of the note in cash.   Defendant received the policies of insurance and retained them until the latter part of November or the first part of December following the execution of the note, when, after having investigated the company, he notified Carter that he was not satisfied, and that the company was not as represented, and demanded his note be restored to him.   There was not an entire failure of consideration.   Defendant received the policies of insurance and retained them for a time, and his right

to have the note refunded to him was not dependent upon a return of the policies. In order to have his note refunded, all that was necessary was that he investigate the company and find that it was not satisfactory or not as represented. The note was made to Carter, and not to the company which issued the policies. The language used in the contract is, not that the note shall be returned, but, as provided in the first sentence, that Carter agrees to "refund the note." To refund a thing does not necessarily mean to return the identical property received. To refund means: "To return in payment or compensation for what has been taken; to repay; to restore." Cent. Dic. & Enc. p. 5041. The agreement between these parties provides that upon certain contingencies the note parted with should be refunded to him, and provided how it should be done, to wit, either by a return of the note or by payment of the amount thereof in cash. If it had been intended by the parties that Carter should hold the note until the 1st day of January, 1908, and not dispose of same, it could have been by a stipulation to that effect easily so provided in the contract, and it would not have been provided that he could refund it by the return of the note *or by payment in cash of the amount of the note.* We think from the language of the agreement it was the intention of the parties that, upon delivery of the note to Carter, he should become the owner of the same; being negotiable, that he should have the right to transfer it if he so desired; but that if defendant, after investigating, became dissatisfied with the company, Carter should restore him to the condition in which he was before the execution of the contract by refunding the note by a return thereof if he had not disposed of it, or by the payment of the amount of the note in cash if he had disposed of it. Any other construction of this agreement, it appears to us, would render that portion of it which provides for a refunding of the note by payment of the amount in cash meaningless. It was not contemplated that the note would be paid by the maker before the expiration of the time during which he should have the right to investigate the company, because the note matured on the date of the expiration of

that period. Defendant, by having executed and delivered to Carter a negotiable note payable to his order, must be held to have intended that it might be put in circulation by him, and that no defenses against it existed unless this intention is rebutted by the provisions of the contemporaneous agreement, which we do not think is the case. There is no contention that plaintiff has been guilty of any bad faith in this transaction. It paid fair value for the note in question in the usual course of business before maturity. There is no evidence or contention that it is guilty of collusion in any attempted fraud. The note was purchased by plaintiff within two days after its execution and at that time there had been no violation by Carter of his agreement, and plaintiff, of course, was without notice of any such violation. Its knowledge of the contents of the agreement at the time it purchased the note gave to it notice only of such infirmities in Carter's title as the contract itself created; for at that time no other infirmities existed which could have been discovered by inquiry.

It is not stipulated in the agreement that upon the happening of the contingencies therein provided for the note shall be invalid, in which respect the facts in this case differ from the facts in *Johnson v. First National Bank of Morrison, supra,* cited and relied upon by defendant. That was an action upon a promissory note that was given for seed oats in connection with an agreement that it was not to be paid until the crop matured, and the payee had sold for the maker a certain quantity of the oats at a stipulated price. The agreement in that case by express terms provided that the note should not be paid until the contingency provided for therein transpired, and the payee had performed the conditions imposed. The plaintiff in that case, as assignee, had notice at the time he purchased the note not only of the terms of the contemporaneous agreement, but that such agreement had been violated by the payee. The contract in the case at bar does not provide that the note shall not be paid or shall never become operative if the maker within the time fixed shall, upon investigation, become dissatisfied with the company.

It provides only for a repayment of the consideration parted with by the maker by either a return of the note or by the payment to defendant of the amount thereof in cash. And for similar reasons this case may be distinguished from *McFarland v. Sikes*, 54 Conn. 250, 7 Atl. 408, 1 Am. St. Rep. 111, wherein the note was delivered upon a contemporaneous parol agreement that it should be returned to the maker upon a certain day if he should demand it; no alternative being given by the agreement to return the note or to pay the amount of it in cash. The instrument is negotiable, and plaintiff acquired it for a valuable consideration in due course of business from one having a right to transfer it, and a new trial should have been granted.

The admission of certain evidence and an instruction given by the court have been urged as errors. The actions of the court complained of could be sustained only upon the theory that the agreement destroyed the right of Carter to negotiate the note. But, in view of the foregoing opinion as to the effects of the agreement upon the right of Carter to assign the note, we deem it unnecessary to consider separately these assignments.

The judgment of the trial court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concur.