## FIRST STATE BANK OF OKLAHOMA CITY v. TOBIN.

No. 2725.   Opinion Filed August 6, 1913.

(134 Pac. 395.)

1.     **BILLS AND NOTES—Rights of Bona Fide Purchaser.** The owner of a negotiable promissory note, who obtains it before maturity for a valuable consideration, without knowledge of any defect of title, and in good faith, holds it by a title valid against all the world.

2.     **SAME—Action on Note—Directing Verdict.** There being no evidence tending to show bad faith on the part of the purchaser in the purchase of a negotiable promissory note before maturity and for a valuable consideration, it is reversible error to overrule a request to peremptorily instruct the jury to return a verdict for the holder thereof, in an action on the note, and where no other defense is presented.

(Syllabus by Sharp, C.)

*Error from County Court, Pontotoc County;
Conway O. Barton, Judge.*

Action by the First State Bank of Oklahoma City against R. S. Tobin. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Burwell, Crockett & Johnson* and *Sanders & Roddie,* for plaintiff in error.

Opinion by SHARP, C.  On November 11, 1908, the defendant executed and delivered to the Manufacturer's Brokerage Company, or order, his promissory note in the sum of $100.00, payable in monthly installments.  The first installment of $10 matured December 15, 1908.  On December 11th of said year, for a valuable consideration, the plaintiff purchased said note, and others, from the said brokerage company.  Testimony was introduced on the part of the defendant tending to show a failure of the consideration for which the note was given, and that it was obtained in the first instance by a representative of the payee, by means of false and fraudulent representations practiced upon the maker.  At the close of the evidence plaintiff moved the court to instruct the jury to return a verdict for the plaintiff, which motion was overruled, and the action of the court in so doing is assigned as error.

We have read with care the entire record, and fail to find any testimony tending to show knowledge, on the part of the bank, of either the alleged failure of consideration, or the fraud practiced by the payee in the procurement of the note.  No brief has been filed in this court on the part of the defendant in error, and we do not know upon what ground an affirmance of the judgment below is asked.

The evidence shows that plaintiff purchased the note for a valuable consideration, before maturity, and without notice of any equities in favor of the maker and against the original payee. There was an utter want of any proof of bad faith on the part of the bank, in its purchase of the note, without which, the note being negotiable, due and unpaid, no sufficient defense was made out. *Forbes v. First Nat. Bank of Enid,* 21 Okla. 206, 95 Pac. 785; *McPherrin v. Tittle et al.,* 36 Okla. 510, 129 Pac. 721; *Citizens' Savings Bank v. Landis et al.,* 37 Okla. 530, 132 Pac. 1101.

The judgment of the trial court should therefore be reversed, and the cause remanded for a new trial.

By the Court:  It is so ordered.