## SHOWALTER v. WEBB.

No. 3722.    Opinion Filed June 9, 1914.

(141 Pac. 439.)

1.  **BILLS AND NOTES—Purchaser in Good Faith—Defenses.** The purchaser of a negotiable note in good faith before maturity, in the due course of business, without notice of defects or imperfections, takes the same freed of any outstanding equities and defenses that might have been asserted against it by the maker, if sued by the payee.

2.  **SAME—Defenses—Instructions—Evidence.** Under the evidence in this case, the court should have instructed the jury that plaintiff was an innocent purchaser of the note in suit; and that therefore the defenses set up were not available to defendants.

(Syllabus by Brewer, C.)

*Error from County Court, Greer County;*
*Jarrett Todd, Judge.*

Action by J. A. Showalter against C. T. Webb. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*J. A. Powers* and *Percy Powers,* for plaintiff in error.

*John Evans, Jr.,* for defendant in error.

Opinion by BREWER, C. The plaintiff in error brought this suit in the county court of Greer county as assignee and owner of a negotiable promissory note signed by the defendant in error and secured by a chattel mortgage. The plaintiff alleged that he purchased and became the owner of the note in due course of business prior to its maturity for value. The answer of defendant alleged that plaintiff was not a purchaser for value before maturity, but was in collusion with the original payee of the note, and that the assignment made to him was not in good faith, but merely to facilitate collection. Then followed the plea of failure of consideration.

The defendant in error has not favored this court with a brief.

Showalter v. Webb.

At the close of all the evidence, the plaintiff requested the court to instruct the jury to return a verdict in his favor. This request was refused, and the question of whether or not the plaintiff was an innocent purchaser for value before maturity was submitted to the jury, as was also the question as to whether or not the consideration in the note had failed.

We have examined the evidence in the case and have no doubt but that the request of plaintiff for an instructed verdict should have been sustained. The testimony of plaintiff is clear, certain, and in no way impeached or contradicted by either witness or circumstances, that he became the purchaser of the note, as an investment, for a cash consideration, about two weeks after it was given and nearly a year before it was due, and the same was transferred and assigned to him in the due course of business, and that he had no knowledge of any imperfections or defects in the title to the note.

There is not a line of evidence in this case in any way tending to show that this plaintiff was in collusion with the original payee, or was interested in or connected with it in any way, or that he had any information or knowledge of any circumstance that would put him on inquiry regarding the same. It is true that the defendant testified that he had received a letter from the original payee demanding payment of the note, and that this was after it is claimed it was assigned to plaintiff. This letter was lost and could not be produced, and defendant testified as to its contents, and stated that the original payee had said in the letter that it was the owner of the note. This would be rather an unusual statement for a man to make, that he was the owner of a note, which the man to whom he was writing had made payable to him; but, let that be as it may, this is not material, unless some proof had been adduced tending in some way to connect the plaintiff with the letter, or tending in some way to show that he was not a purchaser in good faith for value. It is a quite familiar rule of law that one man is not ordinarily bound by the statements of another made in his absence against his interest.

If a man who has bought commercial paper, fair on its face before maturity, in the due course of business, without knowledge of anything that would put him on inquiry, could be robbed of this character of innocent purchaser by the random statements of his predecessors in title, who in no way are shown to be connected or interested with him, and made in his absence, then certainly an investor in commercial paper would be in a hazardous business.

We do not think this has ever been the law. The purchaser of a negotiable note before its maturity, in due course of business, in good faith, without notice of imperfections or defects, takes the same freed of the outstanding equities and defenses that might have been asserted against the original payee by the maker. *Farmers' Bank v. Nichols,* 25 Okla. 547, 106 Pac. 834, 138 Am. St. Rep. 931, 21 Ann. Cas. 1160; *Forbes v. First Nat. Bk.,* 21 Okla. 206, 95 Pac. 785; *Morrison v. Farmers' & Merchants' Bank,* 9 Okla. 697, 60 Pac. 273; *City St. Bk. of Hobart v. Pickard,* 35 Okla. 243, 129 Pac. 38; *Citizens' Sav. Bk. v. Landis,* 37 Okla. 530, 132 Pac. 1101; *McPherrin v. Tittle,* 36 Okla. 510, 129 Pac. 721, 44 L. R. A. (N. S.) 39; *First State Bank v. Tobin,* 39 Okla. 96, 134 Pac. 395; *Wood v. Stickle,* 36 Okla. 592, 128 Pac. 1082; *Western Ex. Bk. v. Coleman,* 38 Okla. 178, 132 Pac. 488.

The cause should be reversed, the judgment set aside, and judgment rendered for plaintiff as prayed in the petition.

By the Court: It is so ordered.