CONQUEROR TRUST COMPANY *v.* REVES DRUG COMPANY.

Opinion delivered April 26, 1915.

1. BILLS AND NOTES—INNOCENT PURCHASER—BURDEN OF PROOF.—When appellant showed itself to be an innocent purchaser for value before maturity of certain notes, the burden then shifts to the defendant maker to show that appellant was not an innocent purchaser.

2. BILLS AND NOTES—INNOCENT PURCHASER—FRAUD IN EXECUTION—EVIDENCE.—In the absence of any testimony first tending to show that the holder of certain notes was not an innocent purchaser thereof, it is error for the court to permit the introduction of any testimony as to fraud in the execution of the notes.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

STATEMENT BY THE COURT.

The appellant instituted this suit against the appellee to recover upon three promissory notes executed by appellee to the order of the Vernon Advertising & Manufacturing Company (hereinafter designated as the Vernon Company). Appellant alleged that the notes were endorsed by the payee to the appellant, being purchased by appellant in the usual course of business, before maturity and for value and without notice.

The appellee admitted the execution of the notes, but denied that appellant was the innocent holder thereof, and alleged that the notes were procured by fraud.

The only issue presented on this appeal is whether or not the appellant was an innocent holder for value.

Julius A. Becker, on behalf of the appellant, testified that he was the treasurer of the appellant, and that appellant bought the notes in the usual course of its business, on the 17th day of March, 1913, a short time after the notes were executed and several months before their maturity, and without any notice at the time of any defense, or that there was any alleged fraud in their execution; that the notes were purchased at a discount of 10 per cent, and the proceeds placed to the credit of the payee, the Vernon Company, which it checked out in the usual course of its business within two weeks thereafter. He

further testified that he had made an investigation before the purchase of the notes as to the financial standing of the appellee by writing to the Bank of Alma, and to the Commercial Bank of Alma. The Bank of Alma replied, stating that the appellee was doing a good business, and that it was considered good for the amount of $400. The Commercial Bank replied as follows: "From what information we have, the Reves Drug Company owe about all that their business justifies, although with Mr. W. R. Reves behind the obligation, it would be gilt-edge, and worth many times more."

The witness further stated that he investigated the rating given the appellee by Dun's Mercantile Reports. Witness stated that appellant had bought other similar notes from the Vernon Company, given by other residents of Arkansas, whom witness had not seen nor heard of when the notes were offered to appellant for purchase, and witness stated that he bought these notes as the agent of appellant after careful investigation through local banks and commercial agencies as to the standing of the makers of the notes; that the appellant had bought four or five sets of notes similar to the ones in controversy. Witness stated that at the time he purchased the notes as the agent of appellant, he did not know the appellee Reves, nor did he know his signature. Appellant had bought other notes from the Vernon Company and the signatures of the makers of these notes had been genuine and regular in every instance, and witness had no reason to suspect that the signatures to the notes in controversy were not genuine and valuable, and he had never heard it contended that the signatures to the notes were not genuine.

The Vernon Company had an account with the appellant. None of the officers, agents or directors of the appellant had any connection whatever with the Vernon Company or with the individuals composing that company.

Testimony was introduced on the part of the appellee, over the objection of the appellant, which tended to prove that the appellee entered into a contract with the Vernon Company by which the Vernon Company was to furnish the appellee a piano which appellee was to give away in a contest by way of an advertising scheme for the sale of fountain pens bought by the appellee of the Vernon Company; that under the arrangement between the appellee and the Vernon Company, at the expiration of the time fixed for the contest to run the Vernon Company was to take back such of the fountain pens at $1.50 each as had not been disposed of and credit the amount of these on the notes. It was orally agreed between the Vernon Company and the appellee that the notes were not to be negotiated, and that the scheme would not be placed with any other person in Crawford County. The Vernon Company did not comply with its contract and agreements with the appellee in this respect, having sold the notes to the appellant, and also having placed their goods, under the same scheme, with one J. O. Porter, at Mulberry, Crawford County.

At the conclusion of the testimony, the appellant moved the court to instruct a verdict in its favor. The court overruled its motion and submitted the issue to the jury upon instructions to which no objections are urged here. From a verdict and judgment in favor of the appellee, this appeal has been duly prosecuted.

*Southmayd & Southmayd,* for appellant.

1. Appellant having established the fact that it paid a valuable and adequate consideration for the notes before their maturity, the burden was upon appellee to show that appellant was not an innocent purchaser. There is nothing in the evidence tending to show that appellant had any notice of the defenses set up. 113 Ark. 1; 113 Ark. 72.

A promissory note in the hands of an innocent purchaser is not affected by any fraud in its execution nor by any contemporaneous oral agreement that it should

not be negotiated. 94 Ark. 100; 104 Ark. 388; 111 Ark. 258.

2. The issue in the case was whether or not the appellant was a bona fide holder of the notes, an innocent purchaser. The court erred in admitting evidence not directed to that issue. 94 Ark. 100; 167 S. W. 75; 118 Mo. 296; 40 Am. St. Rep. 373, 377-8; 111 Ark. 258; 90 Ark. 93.

*C. A. Starbird,* for appellee.

WOOD, J., (after stating the facts). 1. The court erred in not directing a verdict in favor of the appellant. The uncontroverted evidence showed that the appellant was an innocent purchaser of the notes sued on. The appellant established the fact by its evidence that it paid a valuable consideration for the notes before their maturity and without any notice of any fraud in their execution or of any defenses that the makers thereof might have against the payee. This shifted the burden to the appellee to show that the appellant was not an innocent purchaser. *Pinson* v. *Cobb,* 113 Ark. 28; *Bank of Monette* v. *Hale,* 104 Ark. 388-395. The appellee did not meet this burden, and there were no circumstances developed in the testimony on behalf of the appellant that would warrant a conclusion that appellant was not an innocent holder of the notes. The circumstances did not even create a suspicion of that kind.

2. In the absence of any testimony first tending to show that appellant was not an innocent purchaser, the court should not have permitted any testimony as to fraud in the execution of the notes. *Bothell* v. *Fletcher,* 94 Ark. 100-103.

For the errors indicated the judgment is reversed and a judgment is entered here in favor of the appellant for the amount of the notes sued on.