## CONQUEROR TRUST CO. v. BAYLESS DRUG CO.

No. 8761. Opinion Filed July 1, 1919.

Rehearing Denied Sept. 9, 1919.

(Syllabus by the Court.)

**1. Bills and Notes—Bona Fide Purchaser—Title of.**

The purchaser of a negotiable note before its maturity, in due course of business, in good faith, without notice of imperfections. or defects, takes the same freed of the out-

standing equities and defenses that might have been asserted against the original payee by the maker.

## 2. Same—Action by Bona Fide Purchaser —Evidence—Defenses.

In an action upon four negotiable promissory notes ,by a holder in due course, the maker of the notes was permitted by the court to offer in evidence the terms and conditions of the contract between the maker and the payee, and that the payee had violated the contract and that the consideration of the notes had failed after their negotiations. Held, that such evidence was improperly admitted, and constituted no defense to the action, in the absence of any showing that the holder in due course had notice of such contract, and of the failure of the consideration, at or before the time the notes were so purchased.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by the Conqueror Trust Company against the Bayless Drug Company. From judgment for plaintiff for less amount than claimed, it brings error. Reversed and remanded for a new trial.

Yerker E. Taylor and E. F. Cameron, for plaintiff in error.

Blanton & Andrews, for defendant in error.

PITCHFORD, J. On April 17, 1914, the plaintiff in error, or plaintiff below, filed its petition in the district court of Garvin county, Okla., against the defendant in error, or defendant below. The parties will be designated as they appeared in the trial court. The action filed by the plaintiff was on four promissory notes, each dated March 11, 1913, aggregating $300. The notes were payable to the Vernon Advertising & Manufacturing Company and indorsed by it to plaintiff, the Conqueror Trust Company, of Joplin, Mo. The plaintiff alleged that the notes were indorsed by the payee to it, and that it was a purchaser in the usual course of business before maturity. for value, without notice, and in good faith. The defendant admitted the execution of the notes, but denied that the plaintiff was an innocent holder thereof in good faith, alleging that the notes sued upon were a part of a certain contract entered into by the defendant and the Advertising & Manufacturing Company, and further that the Vernon Advertising & Manufacturing Company agreed to furnish the defendant with a number of fountain pens, which were to be salable and usable, and that these were a part of a voting contest.; that, when a person purchased one of these fountain pens, he was entitled to a certain number of votes in the grand prize, which was a sewing machine or a piano, and the person obtaining the largest number of votes was entitled to the grand prize.

Defendant alleged a breach of contract and claimed a credit on the notes for the breach. He further alleged that all unsold pens were to be taken back by the Vernon Advertising & Manufacturing Company at $1.50 each, and that the Vernon Advertising & Manufacturing Company had failed and refused to take back the unsold portion of the pens. This was denied by the plaintiff in its reply. Plaintiff again alleged that it was a purchaser and holder of the notes in good faith, and that this could not be a defense to the notes.

The principal issue, as presented by the pleadings and evidence, was whether or not the plaintiff was an innocent holder for value. The cause was tried on the petition of the plaintiff, the answer of the defendant, and the reply of the plaintiff and resulted in judgment for the plaintiff for $133.50. The plaintiff appeals.

The plaintiff argues two propositions:

First. That the plaintiff was an innocent holder for value of the notes sued on, and was therefore entitled to a peremptory instruction in its favor.

Second. That the court erred in permitting the defendant to prove the terms and conditions of the contract made by it with the Vernon Advertising & Manufacturing Company without first showing that the plaintiff had knowledge of the contract.

The case presents many features similar in almost every respect to others brought to the appellate courts of the several states In investigating the authorities upon · the question, we are rather amazed at the little progress made by the average man for the last 100 years in being able to protect himself against the gentlemanly appearing and smooth-talking fakir. The authorities are crowded with cases from almost every state in the Union, where the innocent, credulous, and gullible citizen has been induced to sign notes by plausible reasons given by some facile talker, who was able to conjure up in the mind of his intended victim visions of great material benefit to himself, resulting in the execution by the victim of commercial paper which immediately finds itself ushered into the commercial world. If the party signing the note would use ordinary caution—the least forethought—he would realize that, if the transaction should prove to be fraudulent, he, by his own act, would be placing it in the power of another to

perpetrate a fraud upon an innocent purchaser of the note that he himself had signed, and thereby says in effect, 'This note is O. K.; buy it.' In almost every instance, if the purchaser of the note, prior to its maturity, would consult the maker, he would be informed that he had signed the note, that he intended to pay it, that the inquirer would be perfectly safe in purchasing the same, and that there was no defense thereto.

The law merchant, which is now the law in the great majority of the states, is intended to protect, not only the maker, payee, and the bona fide purchaser, but every one having any connection with a negotiable .; The law is wholesome; but, while this is true, we see daily evidence that the schemer is taking advantage of the wholesome provisions of the law for the purpose of carrying out his nefarious schemes. No doubt there are many instances where a wrong is committed in the name of the law; but, when one knows in signing a note that it can come, and probably will come, into the hands of an innocent purchaser, he must be presumed to anticipate that the note will be transferred. He is also presumed to know that this note in the hands of an innocent purchaser will be protected against any defense that might be set up against the original payee. In the instant case, it might be that the Vernon Advertising & Manufacturing Company intended to and did practice a fraud upon the defendant; but he has no one to blame but himself. We find that the defendant executed and delivered six notes. The plaintiff, before purchasing, wrote the following letter to the State Bank of Stratford, Okla.:

"Will you kindly give us your opinion as to the responsibility and promptness of Bayless Drug Company, of your city, and whether they would be considered good for an amount not to exceed $400. We will indeed appreciate it to have you write us as fully and frankly as you can in the matter. The information will be kept in the very strictest confidence, and some time we may be able to serve you in our section in return for your courtesy."

To which the bank replied: "We consider B. D. Co. a reliable firm." Thereafter the six notes executed by the defendant were assigned by the Vernon Advertising & Manufacturing Company to the plaintiff. Two of these notes were paid when they became due. When the others became due, and demand for payment was made, the defendant requested the plaintiff to wait awhile on them, as business was slow, but they would soon get to them. There is an entire failure of evidence to show that at the time the notes were purchased the plaintiff had any knowledge of any defense on the part of the defendant. While we find from the evidence that the plaintiff and the Vernon Advertising & Manufacturing Company resided in the same city and on opposite sides of the same street, and that the plaintiff was acquainted with the members composing the Advertising Company, we cannot see that for that reason fair-minded men would be led to the conclusion that the plaintiff, in taking the notes, acted in bad faith.

As we have before stated, had the plaintiff at that time consulted the defendant, there is no question but that the defendant would have acknowledged its liability on the notes. As we have seen, two of the notes were paid as they became due, and the defendant asked for time upon the others. We cannot subscribe to the view that, in this day of telephone, telegraph, and other means of rapid communication, the rules of the law merchant have largely lost their usefulness. This is, in effect, saying that the defendant's counsel recognizes that the law is against his contention and is asking this court to disregard the law. If every one would only practice ordinary caution when importuned to sign a negotiable note, we would then probably be in better position to appreciate the objects, purposes, and advantages of the law merchant. A person residing in the state of Missouri has the same right to deal in commercial paper executed in Oklahoma as does the citizen of Oklahoma, and will be guaranteed all the privileges and protected in all of his rights the same as if he were a citizen of this state.

It may be that the plaintiff was not an innocent purchaser in good faith, but the evidence is conclusive to the contrary. All that the courts can judge by is the evidence. There might be circumstances connected with this transaction that would excite one's suspicion, but the great weight of authority, and particularly the decisions of this court, have followed the rule that suspicion, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put one upon inquiry, is not sufficient to defeat the rights of one claiming to be a bona fide holder. That result can be produced only by bad faith on his part. The authorities are uniform in holding that the owner of a negotiable promissory note, who obtains it before maturity and for a valuable consideration, without knowledge of any defect of title and in good faith, holds it by a title valid against all the world.

It has been held in Arkansas that it is no

defense against a note in the hands of a bona fide holder that the note was given in settlement of an account, and that the same was procured by fraud or mistake (Lanier v. Union M. B. & T. Co., 64 Ark. 39, 40 S. W. 466), and also that it is no defense against a note, where the purchaser of the note knew that it was accommodation paper when he took it, and the defendant was not permitted to plead failure of consideration as against the bona fide purchaser (Evans v. Speer Hdwe. Co., 65 Ark. 205, 45 S. W. 370, 67 Am. St. Rep. 919). In Showalter v. Webb, 42 Okla. 297, 141 Pac. 439, it is said:

"If a man who has bought commercial paper fair on its face, before maturity, in the due course of business, without knowledge of anything that would put him on inquiry, could be robbed of this character of innocent purchaser by the random statement of his predecessors in title, who in no way are shown to be connected or interested with him, and made in his absence, then certainly an investor in commercial paper would be in a hazardous business. We do not think this has ever been the law. The purchaser of a negotiable note before its maturity, in due course of business, in good faith, without notice of imperfections or defects, takes the same freed of the outstanding equities and defenses that might have been asserted against the original payee by the maker."

To the same effect, see State Exchange Bank of Elk City v. National Bank of Commerce, 70 Oklahoma, 174 Pac. 796, 2 A. L. R. 211; Farmers' Bank of Roff v. Nichols, 25 Okla. 547, 106 Pac. 834, 138 Am. St. Rep. 931, 21 Ann. Cas. 1160; McPherrin v. Tittle, 36 Okla. 510, 129 Pac. 721, 44 L. R. A. (N. S.) 395; First State Bank of Okla. City v. Tobin, 39 Okla. 96, 134 Pac. 395.

In proposition No. 2 plaintiff contends that the court erred in permitting the defendant to offer in evidence the terms and conditions of the contract made with the Vernon Advertising & Manufacturing Company. If the plaintiff was a bona fide purchaser of the notes before due and for a valuable consideration, then the court was clearly in error in admitting this evidence. To make this evidence competent, it was not enough that the plaintiff had knowledge of the contract between the defendant and the Advertising Company, but the defendant would be required to go further and show the plaintiff was aware of the fraud.

In Farmers' Bank of Roff v. Nichols. 25 Okla. 547. 106 Pac. 834, 138 Am. St. Rep. 931, 21 Ann. Cas. 1160, it was said:

"A negotiable promissory note was executed in payment of the premium on some life insurance policies. At the time of the delivery of the note to payee, who was agent for the insurance company, the payee executed a written agreement that, if the maker of the note within a stipulated time investigated the company and found it not satisfactory or as represented, the note or the amount thereof in cash would be refunded to the maker by the payee. Held, that the contemporaneous agreement did not constitute the delivery of the note a conditional delivery, or deny to the payee the right to transfer the same, and that one who purchased the note in due course of business before maturity for a valuable consideration, could recover in an action thereon, although at the time of the transfer he had notice of the contemporaneous agreement."

See L. R. A. 1917C, 308, note.

The Supreme Court of Arkansas recently handed down a decision in which the plaintiff here was the plaintiff in that cause. The questions involved were identical with the questions raised in the case at bar. The Arkansas case referred to was Conqueror Trust Co. v. Reves Drug Co., 118 Ark. 222, 176 S. W. 119. There the court said:

"Proof that plaintiff paid a valuable consideration for notes before maturity and without notice of any fraud in their inception shifts the burden to the maker to show that plaintiff was not an innocent purchaser for value without notice, and, in the absence of evidence, recovery cannot be defeated," and "fraud in procuring a note is no defense as against a bona fide purchaser without notice."

It was further held in Conqueror Trust Co. v. Simmon, 62 Oklahoma, 162 Pac. 1098, that:

"In an action upon four negotiable promissory notes by a holder in due course, the maker of the note offered in evidence a written contract between him and the payee, executed as a consideration for the notes, and to show that the payee had violated the contract, and that the consideration of the notes had failed after their negotiation and after the maturity and payment by him of the first two notes of the series of six, and before the maturity and payment of the remaining four sued on. Held, that said evidence was improperly admitted and constituted no defense to the action, in the absence of any showing, or attempt to show, that the holder in due course had notice of such contract * * * at or before the time he purchased said notes."

In view of the foregoing, we are of the opinion that the judgment of the trial court should be reversed and remanded for a new trial; and it is so ordered.

OWEN, C. J., and SHARP, HARRISON, McNEILL, and HIGGINS, JJ., concur.