## LOOMIS v. COLE et al.

No. 16748—Opinion Filed Sept. 14, 1926.

1. **Bills and Notes—Holder in Due Course —Actions—Defenses.**

In an action upon a negotiable promissory note by a holder in due course, where the uncontradicted evidence establishes that plaintiff acquired the note before maturity, for value and without notice of defects or infirmities in the title of the original payee, the defense of fraud and failure of consideration is not available to the maker, but the burden rests upon him to show bad faith on the part of the holder in acquiring the note by evidence of facts and circumstances which goes further than to raise a mere suspicion.

2. **Same—Failure of Defense—Right to Directed Verdict.**

In such case, where there is an utter want of proof to establish the bad faith of the holder, it is prejudicial error for the trial court to overrule a motion of plaintiff for a directed verdict.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Latimer County; D. O. McCurtain, Judge.

Action by John S. Loomis against Josephine Cole and others to recover upon a certain promissory note and to foreclose a mortgage securing the same. Verdict and judgment for defendants, and plaintiff brings error. Reversed.

Plaintiff commenced this action by filing his petition in the district court of Latimer county on June 30, 1924, against Josephine Cole, relict Austin, and R. L. Ware, administrator of the estate of Charles Austin, deceased, to recover upon a certain promissory note executed by Charles Austin and Josephine Cole, his then wife, in the sum of $3,225. Plaintiff also sought to foreclose a certain real estate mortgage executed by Charles Austin and Josephine Austin, given to secure the payment of the note sued on, and he also sought to quiet his title in and to the lands described in said mortgage after foreclosure and sale as against the Conservative Loan & Trust Company, a corporation, A. J. Fluke and C. M. Cade, its receivers, and Ollie Belle Austin, a minor. The petition was in the usual form for actions of this character.

Defendants C. M. Cade and A. J. Fluke, receivers, made answer, admitting the execution of the note and mortgage, and that the same had been sold to the plaintiff, and disclaiming any interest in the lands covered by said mortgage. A guardian ad litem was appointed for Ollie Belle Austin, and he filed an answer in her behalf denying each and every allegation in plaintiff's petition. Defendant Josephine Cole, and R. L. Ware, administrator, jointly filed a sep-

arate answer, consisting of general denials, and affirmatively alleging a want of consideration for the note sued on, fraud in its procurement, prayed that plaintiff take nothing by his action, and that the note and mortgage relied on by plaintiff be canceled, and that the title in and to the premises covered by said mortgage be quieted in them.

Plaintiff filed a reply to the separate answer of Josephine Cole and R. L. Ware, administrator, denying all of the allegations of said answer contrary to the allegations in plaintiff's petition, and further alleged that the note sued on was negotiable in form, and that plaintiff is a holder thereof in due course, having purchased same before maturity and for value, without knowledge of any infirmities therein.

Upon the issues thus framed the case was tried April 30, 1925, to the court and a jury, and resulted in a verdict in favor of defendants, upon which verdict the court entered its judgment in conformity therewith. After unsuccessful motion for new trial plaintiff has brought the case here by petition in error with case-made attached for review.

E. O. Stanard, Philos S. Jones, and M. L. Hankins, for plaintiff in error.

Claude Briggs and L. B. Kyle, for defendants in error.

Opinion by LOGSDON, C. For reversal of this case plaintiff relies in his brief on two propositions, thus stated:

"First. The evidence being positive, clear, and uncontradicted, that John S. Loomis was the owner and holder of the note sued on in due course as an innocent purchaser thereof, it was the duty of the court to render judgment for the plaintiff, and his refusal so to do constitutes error.

"Second. The court erred in failing and refusing to properly instruct the jury as to the law covering the different phases of the case."

Without contradiction, plaintiff's evidence tended to establish the following facts: That on February 2, 1922, he purchased from Mr. Bushman, a note broker, in Burlington, Wis., the note sued on in this action, for which he paid in cash the sum of $3,000, and that the note was delivered to him indorsed in blank, and the mortgage securing the same duly assigned; that he did not know the Conservative Loan & Trust Company and did not know the makers of the note and mortgage, but that he purchased same for its face value without

knowledge or notice of any failure of consideration between the makers and the original payee of the paper; that he has at all times been the owner and holder thereof since the date of said purchase, and that default has been made in the terms and conditions of the note and of the mortgage securing the same.

It is conceded in defendants' brief that this evidence of plaintiff is uncontradicted; in fact, no evidence was offered by the defendants upon the issue tendered by plaintiff that he was an innocent purchaser for value without notice before maturity. It is urged, however, by defendants that certain contradictions and inconsistencies appear in the evidence of plaintiff, which rendered his status as an innocent purchaser for value and without notice a question for determination by the jury. These circumstances, as stated and relied on by defendants in their brief, may be briefly summarized as follows: First, because plaintiff's evidence shows that he purchased the note February 2, 1922, while the assignment of the mortgage bears date of January 23, 1922; second, that although the assignment of the mortgage was regularly and properly acknowledged before a notary public, the indorsement on the note was in blank and without recourse; third, that plaintiff's evidence shows that he only paid the face value, $3,000, for the note, and paid none of the interest accrued at the date of purchase; fourth, that plaintiff's evidence shows that $2,000 of the purchase price was paid by check of the Loomis Lumber & Fuel Company, and that, therefore, plaintiff is not the sole owner of the note and mortgage; fifth, that while the assignment of the mortgage bears date of January 23, 1922, it was not recorded in Latimer county until July 29, 1922; sixth, that after indorsing the note without recourse the Conservative Loan & Trust Company in December, 1922, remitted to plaintiff the interest due on the note at that time.

None of these circumstances, nor all of them, are considered by this court to raise any issue of fact upon the question of plaintiff's status as an innocent purchaser, in view of the uncontradicted evidence of plaintiff and Bushman which appears in the record. In the case of First National Bank of Watonga et al. v. Wade et al., 27 Okla. 102, 111 Pac. 205, this court said:

"This court is committed to the doctrine that bad faith, not merely a notice of circumstances sufficient to put a prudent man on inquiry, is necessary to defeat recovery

by the holder of negotiable paper whose right accrued before maturity."

Following this case, and reannouncing the rule there stated, is the case of McPherrin v. Tittle et al., 36 Okla. 510, 129 Pac. 721, where, in the second paragraph of the syllabus, this court stated:

"Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part."

The rule thus established is firmly fixed in this state, as is shown by numerous decisions of this court. Shawnee Nat. Bank v. Wooten & Potts, 24 Okla. 425, 103 Pac. 714; Moore v. First Nat. Bank of Iowa City, 30 Okla. 623, 121 Pac. 626; Conqueror Trust Co. v. Bayless Drug Co., 75 Okla. 288, 183 Pac. 419; Stevens v. Pierce, 79 Okla. 290, 193 Pac. 417.

But it is urged by defendants that, under the general denial filed by the guardian ad litem for Ollie Belle Austin, the burden rested upon the plaintiff to prove the execution and delivery of the note and mortgage, and that plaintiff failed to sustain this burden of proof. It is sufficient as to this objection to say that Ollie Belle Austin was not a party to the note or mortgage, and that in the separate answer of Josephine Cole and R. L. Ware, administrator, which answer was verified, it is expressly admitted that the note and mortgage were executed and delivered by Charles Austin and Josephine Austin, his wife, and this admitted execution and delivery is sought to be obviated only by the defense of fraud and failure of consideration. No money judgment was sought against Ollie Belle Austin, and, though she was a proper party to the action of foreclosure, she was not a necessary party. McClung v. Cullison et al., 15 Okla. 402, 82 Pac. 499; Echols et al. v. Reeburgh, 62 Okla. 67, 161 Pac. 1065; First Nat. Bank of Tulsa et al. v. Colonial Trust Co. et al., 66 Okla. 106, 167 Pac. 985.

Plaintiff admits in his brief that the makers of the note and mortgage received no consideration therefor, and that they were, in fact, defrauded by the Conservative Loan & Trust Company, but insists that this cannot defeat his rights as an innocent purchaser in due course of the negotiable paper issued by them. This contention is legally invulnerable. The situation here presented is analogous to that considered by

this court in Conqueror Trust Co. v. Bayless Drug Co., supra, and in which case Justice Pitchford used this apposite language:

"The authorities are crowded with cases from almost every state in the Union, where the innocent, credulous, and gullible citizen has been induced to sign notes by plausible reasons given by some facile talker, who was able to conjure up in the mind of his intended victim visions of great material benefit to himself, resulting in the execution by the victim of commercial paper which immediately finds itself ushered into the commercial world. If the party signing the note would use ordinary caution—the least forethought—he would realize that, if the transaction should prove to be fraudulent, he, by his own act, would be placing it in the power of another to perpetrate a fraud upon an innocent purchaser of the note that he himself had signed, and thereby says in effect, 'This note is O. K.; buy it.' "

While the situation of the defrauded makers of this negotiable paper makes strong appeal to the equitable consideration of a court, yet the equities of the plaintiff are entitled to equal consideration. While the makers received nothing for the paper which they issued, and to secure the payment of which they mortgaged their farm, on the other hand, the record discloses that plaintiff invested his savings, and perhaps some borrowed money, in this negotiable paper improvidently executed and delivered by its makers to an insolvent corporation. He paid face value for it, less accrued interest, and purchased it less than two months after the makers had put it in circulation as a representative of value. This makes him clearly entitled to the benefit of the well-established rule that where loss must fall on one of two innocent parties, it must be placed upon the one whose negligence was the occasion therefor.

Plaintiff's evidence established without contradiction that he purchased the note in due course, without notice of defects, before maturity and for value. Defendants did not plead or attempt to prove bad faith on plaintiff's part in the transaction. Their sole defense was fraud and failure of consideration. At the close of all the evidence plaintiff filed his motion for a directed verdict, which was overruled by the trial court and exception reserved. In this situation this proceeding is properly disposed of in the language of this court in First State Bank of Oklahoma City v. Tobin, 39 Okla. 96, 134 Pac. 395:

"The evidence shows that plaintiff pur-

chased the note for a valuable consideration, before maturity, and without notice of any equities in favor of the maker and against the original payee. There was an utter want of any proof of bad faith on the part of the bank, in its purchase of the note, without which, the note being negotiable, due, and unpaid, no sufficient defense was made out. Forbes v. First Nat. Bank of Enid, 21 Okla. 206, 95 Pac. 785'; McPherrin v. Title et al., 36 Okla. 510, 129 Pac. 721; Citizens' Savings Bank v. Landis et al., 37 Okla. 530, 132 Pac. 1101."

For error of the trial court in overruling plaintiff's motion for a directed verdict, the judgment is reversed, and the cause remanded for further proceedings consistent herewith.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 748, § 1020; p. 787, § 1047; p. 989, § 1295; 3 R. C. L. 999; 1 R. C. L. Supp. p. 941. (2) 8 C. J. p. 1063, § 1376.