## FARMERS NATIONAL BANK v. DEW.

No. 17691.   Opinion Filed Nov. 1, 1927.

Rehearing Denied Jan. 10, 1928.

(Syllabus.)

1. **Bills and Notes—Innocent Purchasers—Title Defeated Only by Bad Faith.**

Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part.

2. **Same—Burden of Proof on Defense.**

In an action upon a negotiable promissory note by a holder in due course, where the uncontradicted evidence establishes that plaintiff acquired the note before maturity, for value and without notice of defects or infirmities in the title of the original payee, the defense of fraud and failure of consideration is not available to the maker, but the burden rests upon him to show bad faith on the part of the holder in acquiring the note by evidence of facts and circumstances which goes further than to raise a mere suspicion.

3. **Same—Action on Note—Failure of Defense—Right to Directed Verdict.**

In such case, where there is an utter want of proof to establish the bad faith of the holder, it is prejudicial error for the trial court to overrule a motion of plaintiff for a directed verdict.

Error from District Court, Okfuskee County; James Hepburn, Judge.

Action on note by the Farmers National Bank of Oklahoma City against Edward Dew. Judgment for defendant, and plaintiff appeals. Reversed.

Phillips, Douglass & Duling and Francis Porta, for plaintiff in error.

White & Nichols, for defendant in error.

MASON, V. C. J. The Farmers National Bank of Oklahoma City commenced this action against Edward Dew to recover $752, with interest and attorney's fee, on a note executed April 14, 1924, by the defendant and delivered to the Oklahoma Rollin Motors Company, due six months after date.

The case was tried to a jury, and at the close of all the evidence the trial court overruled plaintiff's motion for an instructed verdict and submitted the case to the jury, and verdict for the defendant was returned, upon which judgment was rendered. The plaintiff has duly perfected its appeal and for reversal urges that the trial court erred in overruling its motion for an instructed verdict.

The plaintiff's evidence established, without contradiction, that it purchased the note sued on from the Oklahoma Rollin Motors Company in due course, without notice of defects, before maturity and for value.

The defendant's evidence was to the effect that said note had been given to said motor company as part consideration for an automobile; that at the time of said purchase the automobile had been mortgaged by the motor company to another person; that the defendant had no knowledge of such fact; that said mortgage was on file in the office of the county clerk of Oklahoma county; that later said mortgage was foreclosed and

the defendant lost said car; that said automobile was described in the note sued on.

The sole defense was the fraud, as aforesaid, and failure of consideration. Defendant did not plead or attempt to prove bad faith on the plaintiff's part in the transaction, but it is insisted by the defendant that the plaintiff should have searched the records in the clerk's office, which would have revealed that the car, for which the note was given, had been previously mortgaged by the motor company, it being contended that the description of the car on the note was sufficient to put the plaintiff upon inquiry. Such contention is without merit. This court is committed to the doctrine that suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part. McPherrin v. Tittle et al., 36 Okla. 510, 129 Pac. 721; First National Bank of Watonga et al. v. Wade et al., 27 Okla. 102, 111 Pac. 205; Shawnee National Bank v. Wooten and Potts, 24 Okla. 425, 103 Pac. 714; Moore. v. First National Bank of Iowa City, 30 Okla. 623, 121 Pac. 626; Conqueror Trust Co. v. Bayless Drug Co., 75 Okla. 288, 183 Pac. 419.

In the case of Gaither et al. v. First National Bank of Muskogee, 113 Okla. 111, 239 Pac. 461, this court said:

"A purchaser of negotiable promissory note, secured by a real estate mortgage, in good faith, before maturity, and without actual notice or knowledge of any defect in the title of the assignor, takes good title to said note and mortgage, and said purchaser or assignee is not chargeable with constructive notice of defects or infirmities in the title of the assignor as shown by the records in the office of the county clerk which are not apparent on the face of said instrument; but the true test, as to the assignee being an innocent purchaser and entitled to protection as such, is whether his action in taking said instrument amounts to bad faith."

In Loomis v. Cole et al., 119 Okla. 203, 249 Pac. 327, we announced the rule in the syllabus as follows:

"1. In an action upon a negotiable promissory note by a holder in due course, where the uncontradicted evidence establishes that plaintiff acquired the note before maturity, for value and without notice of defects or infirmities in the title of the original payee, the defense of fraud and failure of consideration is not available to the maker, but the burden rests upon him to show bad

faith on the part of the holder in acquiring the note by evidence of facts and circumstances which goes further than to raise a mere suspicion.

"2. In such case, where there is an utter want of proof to establish the bad faith of the holder, it is prejudicial error for the trial court to overrule a motion of plaintiff for a directed verdict."

While the situation of the defendant maker of this negotiable paper makes strong appeal to the equitable consideration of a court, yet this does not warrant this court or the trial court in disregarding the rules cited herein, which have been repeatedly announced by the courts of last resort of all the states.

No sufficient defense having been established, the trial court committed reversible error in overruling the plaintiff's motion for a directed verdict, and its judgment is, therefore, reversed, and the case is remanded, with directions to render judgment for the plaintiff.

BRANSON, C. J., and HARRISON, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 8 C. J. p. 501, §710; anno. 29 L. R. A. (N. S.) 386; 3 R. C. L. p. 1072; 1 R. C. L. Supp. p. 972; 5 R. C. L. Supp. p. 218; 6 R. C. L. Supp. p. 219. (2) 8 C. J. p. 748, §1020; p. 787, §1047; p. 1046, §1358; 3 R. C. L. p. 1038; 1 R. C. L. Supp. p. 954. (3) 8 C. J. p. 1063. §1376.