## SHARP v. DUNLAP.

No. 26699. March 17, 1936.

Fu'lerton & Fullerton, Rex H. Holden, and Wm. O. Coe, for plaintiff in error.

W. W. Godlove and C. S. McCuistion, for defendant in error.

McNEILL, C. J. This question involves a holder in due course of negotiable paper.

H. H. Sharp, plaintiff in error, also plaintiff in the trial court, instituted an action against Ernest B. Dunlap to recover on two promissory notes payable to the Republic Life Insurance Company. Plaintiff alleged he was the owner and holder of said notes for valuab e consideration and before maturity. Defendant admitted executing the notes, but alleged that the agent of said company made false statements and representations concerning the policy of insurance which he was purchasing and for which said notes were executed; and also that plaintiff, before the purchase of said notes from the insurance company, had full knowledge of the false representations made by the insurance company.

The evidence shows that the notes were due and payable on October 10, 1932, and February 10, 1933, respectively; that the notes were transferred to plaintiff on August 9, 1932, though actually purchased by plaintiff on July 20, 1932. It is not disputed that the plaintiff purchased the notes before maturity and paid a valuable consideration therefor.

When the plaintiff introduced evidence, which stands uncontradicted, that he acquired the notes, in good faith for value, in the usual course of business, and before maturity, then the burden' was upon the defendant to prove the holder's notice of infirmity. The essentials of notice of infirmity are set forth in 11355, O. S. 1931. The defendant did not show that plaintiff had actual knowledge of any fraud practiced upon the defendant in the execution of the notes, nor did he produce any evidence to show bad faith of the plaintiff in purchasing the notes. Circumstances which would excite suspicion in the mind of a prudent person are not sufficient in the absence of bad faith to defeat the rights of one claiming to be a bona fide holder in due course of negotiable paper.

Defendant's proof on these questions failed, and the court should have directed a verdict in favor of the plaintiff. See 8 C. J. 988, section 1295; section 11358, O. S. 1931; Wallace v. First Nat. Bank, 167 Okla. 567, 31 P. (2d) 135; City State Bank of Hobart v. Pickard, 35 Okla. 243, 129 P. 38; Maze v. Austin, 135 Okla. 71, 273 P. 994; State v. Emery, 73 Okla. 36, 174 P. 770; Farmers National Bank v. Dew, 128 Okla. 233, 262 P. 691; Conqueror Trust Co. v. Bayless Drug Co., 75 Okla. 288, 183 P. 419; and Security Trust & Savings Bank of Charles City, Iowa, v. Gleichmann, 50 Okla. 441, 150 P. 908.

Cause is reversed and remanded, with directions to render judgment in favor of plaintiff.

OSBORN, V. C. J., and PHELPS, CORN and GIBSON, JJ., concur. RILEY, BAYLESS, and WELCH, JJ., absent.