## AMERICAN FINANCE CORPORATION v. SPURGIN.

No. 28207.  Oct. 4, 1938.

Rehearing Denied Oct. 25, 1938.

Philip Sureck, for plaintiff in error.

J. W. Reece, for defendant in error.

RILEY, J.  This is an appeal from a judgment for the defendant in an action brought by plaintiff in error on a promissory note.

The note in question is for the sum of $325. It is made payable to the order of the Flag Company, Inc. (an Oklahoma corporation), and bears date of November 11, 1930. On the back thereof it was indorsed: "The Flag Co., Incorporated (Oklahoma) Perrine Bldg., Oklahoma City, by H. B. Macalpine, Pres."

Plaintiff in its petition alleged:

"That the Flag Company, Incorporated, for a good, valuable and sufficient consideration, before the maturity of same, indorsed said note in writing and delivered said note to the plaintiff, who is the owner and holder thereof."

Defendant in his verified amended answer denied generally all the allegations in said petition, except as specifically set forth, and affirmatively alleged that plaintiff did not purchase said alleged note in good faith for value; that plaintiff obtained said note after its maturity; that the defendant denies the execution of the note sued on.

He then alleged in substance that he did execute a note for $325, to the Flag Company, Inc., prepared by a representative of the Flag Company, and of the Flag Oil Corporation of Delaware, the same being for the purchase price of 130 shares in the Flag Oil Corporation of Delaware, and delivered same to said representative with the verbal agreement that a certificate of one share of stock of the Panhandle Cooperative Royalty Company was to be attached to said note as collateral security. and if said note was accepted by the Flag Oil Corporation of Delaware, then 130 shares of stock in the Flag Oil Corporation would be delivered to defendant, and if the note was not accepted, then defendant's note and security was to be returned to him, and at the same time he signed a blank assignment; that defendant did attach said collateral and delivered the said note and assignment to said representative under said verbal agreement; that said stock was never issued to defendant and none was ever delivered to him, and that his note and the collateral attached thereto was never returned to him. That said note as signed contained no statement as to collateral. and that if it did have such statement, it had been placed thereon after he signed it; that plaintiff well knew all of said facts before it claimed to become the owner of said note and before obtaining same; that the consideration for said note totally failed by reason of the foregoing alleged facts, all of which was well known to plaintiff before it obtained said note.

The prayer was for judgment against plaintiff for costs, the return and cancellation of the note and the return of the certificate or share in the Panhandle Co-operative Royalty Company.

There are other allegations concerning the alleged advertisement and sale of the stock claimed to be held as collateral security.

The substance of defendant's defense as pleaded was failure of consideration and alteration of the instrument after he signed it.

At the trial it was stipulated that the signature of the maker of the note sued upon was the genuine signature of the defendant.

The evidence of the plaintiff was, in sub-

stance, that plaintiff purchased the note from the Flag Company, Incorporated, on November 18, 1930; that the purchase was made by plaintiff by E. K. McKissick, its secretary and manager. He testified that the note in question was, on its face, exactly the same as it was on the date of the purchase. That plaintiff purchased it along with other notes, and paid for said notes by check in the sum of $4,443.75; that the purchase price of the note in question was $325, less a discount of $39; that at the time the note was purchased it had attached thereto as collateral security certificate No. 1311, for one share of stock in the Panhandle Co-operative Royalty Company, and certificate No. A828, for 130 shares of stock in the Flag Oil Corporation of Delaware.

The note introduced in evidence, down to and including the statement as to security, reads:

"Oklahoma City, Oklahoma, Nov. 11th, 1930 $325.00 On _____, after date, without grace, No. _____ for value received, I, we and each of us promise to pay to the order of

The Flag Company, Incorporated
(An Oklahoma Corporation)

in _____, the sum of _____ dollars. Security: Cert No. 1311 for 1 Panhandle Hdr. Cert No. A-828 for 130 'Sh Flag Oil of Del."

It is the statement as to security included in the above that defendant contends was inserted in the note after he signed it and turned it over to the salesman for the Flag Company or the Flag Oil Corporation.

This is the only alteration mentioned in defendant's answer. But defendant testified without objection that certain other material matters had been written into the note after he signed it. It will be observed that that part of the note quoted above contained nothing to indicate the amount of the note, except the $325 in the upper right hand corner, and contained no time or date of maturity. The note as introduced in evidence had written thereon after the words printed in the body of the note:

"The collateral deposited and pledged with said company consists of"

The following:
"Payable on May 11—1931—One Hundred dollars 100;
do on Aug. 11—1931—One Hundred dollars 100;
do on Nov. 12—1931—One Hundred and twenty five dollars 125."

Defendant was a witness in his own behalf and testified positively, and without objection, that the reference to the security, that is, the words: "Security: Cert. No. 1311, for 1 Panhandle Hdr; Cert. No. A828 for 130 shr. Flag Oil of Del.," and the provisions as to partial installment payments, the amount and date for payment of each installment, had all been written into the note after he signed it and turned it over to the salesman. He also testified in substance that the note as he executed it was to be returned to him together with his 1 share of Panhandle Co-operative Royalty Company stock unless the note as he said he signed it, and collateral security, consisting of the one share of Panhandle stock, was approved and accepted by the Flag Company.

At the close of all the evidence, after demurrer to plaintiff's evidence was overruled, plaintiff requested a directed verdict in its favor upon the ground that: "There is no evidence to show that the plaintiff is not a holder in due course, and no evidence showing that the defendant J. D. Spurgin has a defense to this note."

The request was denied, and the court instructed the jury on the apparent assumption that the note sued upon is a negotiable note. The instructions fairly state the law applicable to a negotiable note, assigned and transferred to a third party. The instructions were not excepted to, and the verdict was for defendant.

The first and principal contention is that the court erred in overruling plaintiff's demurrer to defendant's evidence and in refusing to direct a verdict for plaintiff.

The uncontradicted evidence of plaintiff is the note was in exactly the same condition at the time of the trial that it was at the time plaintiff acquired it. That plaintiff acquired the note on November 18, 1930, which would be before maturity, taking into consideration the provision in the note relative to payment in installments; that plaintiff paid value, and apparently without any notice of the alleged defects in the title of the original payee.

Treating the note as negotiable, the defense of failure of consideration is not available to defendant, and the burden rested upon him to show bad faith on the part of plaintiff in acquiring the note. Loomis v. Cole et al., 119 Okla. 203, 249 P. 327; Farmers Natl. Bk. v. Dew, 128 Okla. 233, 262 P. 691.

In such case the defendant must produce

evidence of facts and circumstances which goes further than to raise a mere suspicion. Loomis v. Cole, supra.

"Bad faith, not merely notice of circumstances sufficient to put a prudent man upon inquiry, is necessary to defeat the recovery by the holder of negotiable paper, whose rights accrued before maturity." Sharp v. Dunlap, 176 Okla. 329, 55 P.2d 971.

The defendant wholly failed to meet the burden required of the maker of a negotiable note as against a party whose rights have been acquired before maturity.

Therefore, treating the note in controversy as a negotiable note, the motion of plaintiff for a directed verdict should have been sustained. But defendant in his brief asserts and seriously contends that the note is nonnegotiable, while plaintiff contends that the note is negotiable. Plaintiff further contends that defendant may not raise the question of negotiability of the note or insist for the first time on appeal that the note is in fact nonnegotiable.

In this latter contention there is merit. It has often been held that where a case is tried upon one theory, neither party may rely upon another or different theory upon appeal.

The contention of plaintiff in this regard is sustained in principle by Bentley et al. v. Zelma Oil Co., 76 Okla. 116, 184 P. 131; Black v. Parisho et al., 152 Okla. 70, 3 P.2d 673.

The rights of the respective parties in this case depend almost entirely upon the question of whether the note is a negotiable note.

There are many provisions and stipulations in the note beside the matters quoted. There is a serious question whether the note is negotiable on account of matters, stipulations, and provisions in the note other than are ordinarily found in a negotiable note.

The note does, in a somewhat irregular way, contain all the elements necessary under our Negotiable Instruments Act to constitute a negotiable instrument. But the act also provides an instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable, but the negotiable character of an instrument otherwise negotiable is not affected by provisions authorizing sale of collateral security in case the note is not paid at maturity; authorizes a confession of judgment if the instrument be not paid at maturity; waives the benefit of any law intended for the advantage of obligor, or gives the holder an election to require something to be done in lieu of payment of money. Section 11304; O. S. 1931.

The note in question contains many stipulations and provisions not included in the above exceptions. We have refrained from quoting or commenting upon such provisions, for the reason that the questions were not presented to or considered by the trial court. Justice requires that all these matters be considered first by the trial court.

Treating the note as negotiable as it was treated in the trial court, the judgment is hereby reversed and the cause is remanded, with directions to enter judgment for plaintiff.

OSBORN, C. J., and PHELPS, GIBSON, and DAVISON, JJ., concur.