## CITY STATE BANK OF HOBART v. PICKARD.

No. 2079.   Opinion Filed December 7, 1912.

(129 Pac. 38.)

1. **BILLS AND NOTES—Rights and Liabilities on Transfer—Bona Fide Purchasers.** The indorsee of a negotiable promissory note for value and before maturity from another who is the apparent owner obtains a good title, and, in order to defeat his recovery thereon against the maker, defendant must not only plead facts and circumstances that would cause one of ordinary prudence to suspect that the person from whom he obtained it had no interest in it, but must go further and plead that the indorsee had actual notice thereof.

2. *SAME—Actions—Pleading.* In an action by an indorsee on a note, the plea of defendants held not to show that the indorser had no title to the note, or that the indorsee had notice that he had no title.

(Syllabus by the Court.)

*Error from District Court, Kiowa County;*
*James R. Tolbert, Judge.*

Action by the City State Bank of Hobart against H. G. Pickard. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with instructions.

*W. A. Phelps,* for plaintiff in error.

TURNER, C. J.   On January 25, 1909, the City State Bank of Hobart, plaintiff in error, in the district court of Kiowa county, sued, in the first count, H. G. Pickard, one of the defendants in error, on a promissory note for $185, dated April 11, 1908, whereby defendant promised to pay to the order of Earl Davidson that amount, with interest, on December 1, 1908, and which said note had been indorsed by him to plaintiff for value and before maturity.   In the second count plaintiff sued Earl Davidson as indorser, and in the third count both Pickard and Davidson as maker and indorser thereof, respectively.

Davidson made no defense.   After demurrer thereto filed and overruled, Pickard, in the first paragraph of his answer, admitted the corporate existence of plaintiff, but denied each and every other allegation contained in the petition not in his answer specifically admitted.   And, as his second defense, therein alleged that on January 1, 1908, R. E. Hobbs and Earl Davidson were litigating over a certain piece of land (describing it), both of whom claimed to be the owner; that, desiring to rent the place pending the litigation, defendant entered into possession thereof with the understanding and agreement between Hobbs, Davidson, and himself that he would farm the same that year and pay therefor as rent to the winner one-third of all crops of grain raised thereon and one-fourth of all the cotton; that pursuant to said agreement he cultivated the land, and while so doing, on April 11, 1908, Davidson induced him to commute the rents to $185, which was done, whereupon he executed the note in controversy; that the same was executed in plaintiff's bank in the presence of its cashier, who heard defendant call the attention of Davidson to the agreement aforesaid; that at the September term, 1908, of the district court of Kiowa county, Hobbs prevailed in the litigation and recovered judgment against Davidson, whereupon defendant, by virtue of the terms of said agreement, became liable to him for the rent of said land; that plaintiff had full notice of the agreement as stated and the terms and conditions upon which said note was executed prior to its indorsement by the payee, by reason of all of which, he says, the

consideration therefor has failed.  In the second paragraph, for another defense, he alleged that on October 17, 1908, said Hobbs, in an action then pending before a justice of the peace in that county, wherein he was plaintiff and defendant and said David-son and another were defendants, recovered judgment against said Davidson for the restitution of said land, which was not appealed from and now remains in full force and effect; that by reason thereof defendant's right of possession thereto had failed, and defendant can no longer hold possession of the premises un-der Davidson as landlord; that the consideration of the note had failed; and that he had not at the time of the rendition of said judgment gathered his crops raised on the place during that year.  In a third paragraph, for another defense, he alleged that on January 13, 1909, said Hobbs, electing to ratify said agree-ment between defendant and said Davidson from a commutation of rent to a rental in cash as stated, in an action then pending before a justice of the peace in that county, wherein said Hobbs was plaintiff, and defendant in error and said Davidson were defendants, sued to recover a sum of $185 rent for said land, in which said action he recovered judgment for $170, the balance due upon said note; that the judgment remains unpaid and un-appealed from; that the full amount thereof had been paid into court by defendant; that by reason thereof the consideration for said note had failed; that plaintiff had notice of the pendency of said suit and was a party thereto, but failed to set up his claim against defendant, and upon its own motion was dismissed as a party to the suit.

When to said second, third, and fourth defenses a demurrer was overruled, the case was brought here, and said action of the court assigned as error.  As the note is negotiable and is alleged and admitted to have come into the hands of plaintiff as indorsee of the apparent owner for value and before maturity, in order to defeat recovery thereon (no fraud being claimed), it was neces-sary for defendant not only to plead that the bank as indorsee took it knowing facts and circumstances that would cause one of ordinary prudence to suspect that Davidson had no interest in it, but he must go further and plead that the bank had actual

notice of that fact. Or as stated in the syllabus in *Swift et al. v. Smith's Adm'rs,* 102 U. S. 442, 26 L. Ed. 193:

"One who purchases mercantile paper before due, from another who is apparently the owner, though he may know facts and circumstances that would cause one of ordinary prudence to suspect that the person from whom he obtained it had no interest in it, can lose his right only by actual notice or bad faith."

Applying this rule and construing the pleading liberally with a view to substantial justice, it cannot fairly be said that the same states facts sufficient to show that Davidson had no title to the note, much less that the bank took it as his indorsee with actual notice thereof. The most that can be said of the second defense is it fairly states that, although the maker agreed to pay a share of the crop as rent to the winner of the land, he nevertheless, in the absence of one of the parties to the agreement, repudiated the same and agreed with the other to attorn to him as his landlord, in a certain amount, and executed and delivered to him therefor the note in question. What though defendant pleads that he at the same time called the attention of Davidson to the previous agreement, and that, too, in the presence of plaintiff's cashier? Called his attention for what purpose? The plea is silent. To disaffirm it as indicated by the execution of the note in controversy? Or to affirm it and to the fact that the previous agreement was to remain in full force and effect and that the note was to be considered as delivered only in the event Davidson prevailed in the pending litigation over the land? If the latter, he should have pleaded it, and that the contingency had never happened, and that the bank had actual notice of this arrangement at the time it became the indorsee of the note. This, it seems, would have been a good defense. *Tovera v. Parker et al., ante,* 128 Pac. 101. But we cannot read it into this plea upon the supposition that this is what defendant then and there called Davidson's attention to. This for the reason, among others, that we cannot presume, in the absence of averment fairly susceptible of that construction, that a note delivered when executed was not intended to take effect absolutely, but was intended to take effect conditionally. We are therefore of opinion that there is nothing in the plea to induce us to believe that Davidson

was without title to the note, much less that the bank had notice thereof, even assuming that notice to the cashier of what was pleaded as said in his presence was notice to the bank. For the reasons stated, the court erred in overruling the demurrer to the second defense set forth in defendant's answer.

As defendant in error has filed no brief in support of the action of the court as to the remaining defenses pleaded, and as we can think of no ground upon which it could possibly be sustained, the judgment of the trial court is reversed and remanded, with instructions to proceed in accordance with this opinion.

All the Justices concur.