## GAITHER et al. v. FIRST NAT. BANK of MUSKOGEE.

No. 15908—Opinion Filed Sept. 15, 1925.

(Syllabus.)

**Bills and Notes—Mortgages—Innocent Purchasers.**

. A purchaser of a negotiable promissory note, secured by a real estate mortgage, in good faith, before maturity, and without actual notice or knowledge of any defect in the title of the assignor, takes good title to said note and mortgage, and said purchaser or assignee is not chargeable with constructive notice of defects or infirmities in the title of the assignor as shown by the records in the office of the county clerk, which are not apparent on the face of said instrument; but the true test, as to the assignee being an innocent purchaser and entitled to protection as such, is whether his action in taking said instrument amounts to bad faith.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by First National Bank of Muskogee against A. F. Gaither and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Crump & Seawell, for plaintiffs in error.

Ezra Brainerd, Jr., Charles P. Gotwals and John T. Gibson, for defendant in error.

PHELPS, J. W. M. Briscoe and Nora Briscoe, husband and wife, conveyed by warranty deed, certain real estate located in Muskogee county, Okla., to A. F. Gaither and Mary Gaither for a consideration of $3,000 $1,200 of which was paid in cash and the balance by a note of $1,800 secured by a mortgage covering the property sold. A few months after the execution of the note and mortgage the same were, by indorsement and assignment, transferred to the First National Bank of Muskogee, and upon default in the payment thereof suit was filed in the district court of Muskogee county, in which the bank prayed for judgment against A. F. Gaither and Mary Gaither for the amount due on the note, and for foreclosure of the mortgage.

The defendants filed their answer, admitting the execution of the note, but pleaded as a defense that the Briscoes were not the owners of all the land conveyed at the time the deed was executed; that at the time of the execution of the deed conveying the property there was a judgment against W. M. Briscoe for more than $5,000; that there was an oil lease covering said property, and that the taxes had not been paid for several years, all of which was pleaded as a defense.

The case was called for trial before the court without the intervention of a jury, and when defendants had introduced their evidence and rested, the court sustained a demurrer thereto and rendered judgment in favor of plaintiff, from which judgment and the order of the court overruling motion for new trial this appeal is prosecuted.

Defendant in error "moves for an order dismissing the appeal herein for the reason that the appeal is frivolous,. wholly without merit, and taken solely for delay." An examination of the record indicates that the motion to dismiss is not entirely without merit; however, as the case is here on its merits, we will so dispose of it.

No lawyer will deny that if the note and mortgage in question were assigned in due course, for value. before maturity and without notice of defects of assignor's title, the defenses pleaded by plaintiffs in error could avail nothing. This, quite naturally, leads us to the single proposition in the case, to wit. Does the record disclose that the bank, defendant in error herein, had any notice of the defects pleaded. Apparently plaintiffs in error do not contend that the bank had any actual notice or knowledge at the time it acquired the note and mortgage sued upon, of the alleged fact that there was a short age in the quantity of land, or defect in the title to the premises conveyed, or of any defects sufficient to constitute its taking the instruments an act of bad faith, but they claim that because the note was secured by a mortgage on real estate. the bank was put upon inquiry as to the kind of title the mortgagee had. With this contention we cannot agree.

Section 7726, Comp. Stats. 1921, provides:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiating must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

In Link v. Jackson, 158 Mo. App. 63, 139 S. W. 588, the court said that notice as used in the Negotiable Instrument Law must be understood as meaning "actual knowledge as distinguished from implied or constructive notice which arises when a person is put on inquiry, and knowledge is presumed."

This court held in the case of McPherrin, v. Tittle et al., 36 Okla. 510, 129 Pac. 721. that suspicion of a defect of title, or knowledge of circumstances which would excite such suspicion in the mind of a prudent man or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part.

This court in the recent case of Wendling v Aurelius-Swanson Co., 106 Okla. 63, 232 Pac. 932, held:

"A purchaser of a negotiable promissory note, secured by a real estate mortgage, in good faith, before maturity, and without actual notice or knowledge of any defect in the title of the assignor, takes good title to said note and mortgage; and said purchaser or assignee is not chargeable with constructive notice of defects or infirmities in the title of the assignor as shown by the records in the office of the county clerk, which are not apparent on the face of said instrument; but the true test, as to the assignee being an innocent purchaser and entitled to protection as such, is whether his action in taking said instrument amounts to bad faith."

The fact that the bank took the note with knowledge that it was executed as part purchase price of a certain quantity of land does not charge it with knowledge of a shortage in the quantity of land or failure of title. Joyce, Defenses to Commercial Paper, section 690; Dollar Savings & Trust Co. v. Crawford, 69 W. Va. 109, 70 S. E. 1089.

The record, discloses that since the assignment of the note Briscoe has gone into bankruptcy, and it is unfortunate, indeed, for the purchasers of this real estate if the warranty has failed and the warrantor is not financially able to respond in damages that the purchasers may have sustained. but if there were defects in the title as pleaded in the answer of plaintiffs in error, they were such defects as appeared of record at the time they bought the land and they cannot be heard to complain after the note and mortgage have passed into the hands of an innocent purchaser. The judgment of the district court is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 8 C. J. pp. 495 § 705, 518, § 729.