### POLK et al. v. McINTYRE et al.

No. 15767—Opinion Filed Nov. 17, 1925.

Rehearing Denied March 30, 1926.

**1. Principal and Agent—Agency as Question of Fact or of Law.**

Agency is a question of fact for determination by the jury or by the court, if the material facts be disputed; otherwise, it is a question of law for the court.

**2. Same—Question of Law—Instructed Verdict.**

It is not error for the court to instruct the jury to return a verdict for the plaintiff, where the question of agency is involved, if the material facts are not disputed and such undisputed facts deny that agency existed as a matter of law.

**3. Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of Maude McIntyre and C. W. Perdomo.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by Maude M. McIntyre against Blanche W. Polk and H. E. Polk. C. W. Perdomo intervened in the cause for the foreclosure of a mortgage against the property. Judgment for plaintiff and intervener. Defendants bring error. Affirmed.

Ross & Thurman, for plaintiffs in error.

Everest, Vaught & Brewer, for defendants in error.

Opinion by STEPHENSON, C. E. C. Bowers, who owned a residence and lot in Oklahoma City, executed and delivered his promissory note for the sum of $2,000 to Aurelius-Swanson Company, bearing date as of April 27, 1916, due five years from date, and executed and delivered his real estate mortgage on the premises involved to secure payment of the note.

C. W. Perdomo, a resident of Bolivia, South America, became the owner of the note and mortgage by assignment. Aurelius-Swanson Company placed a release of record on September 5, 1916, bearing date of execution as of September 2, 1916, purporting to have been executed and acknowledged by C. W. Perdomo before a notary public in the office of Aurelius-Swanson Company in Oklahoma City. E. C. Bowers joined by his wife sold and conveyed the premises by their warranty deed to Blanche Polk on September 2, 1916. Maude McIntyre on the latter date executed and delivered her note to Aurelius-Swanson Company for $1,500, and executed and delivered her mortgage upon the premises to secure the payment of the note according to the terms thereof, due five years from date. Mary Watterworth became the the owner and holder of the note and mortgage by assignment and was the owner thereof at the time of her death in July, 1920. Maude McIntyre became the owner and holder of the note and mortgage through distribution of the estate of her mother. The makers of the note and mortgage failed to pay the indebtedness, and she commenced her action to foreclose the note and mortgage against Blanche W. Polk and H. E. Polk, her husband. C. W. Perdomo intervened in the cause for the foreclosure of his mortgage. The latter set forth in his petition that he never released and satisfied the note and mortgage, and that the purported release placed of record by Aurelius-Swanson Company was a forgery. The trial of the cause resulted in judgment foreclosing the Perdomo mortgage as a first lien, and foreclosing plaintiff's mortgage as a second lien. Blanche W. Polk and her husband have appealed the cause here and assign the ruling of the trial court as error for reversal here. The principal assignment for reversal is, that the court withdrew consideration of the Perdomo mortgage and release from the jury and entered judgment for him and instructed the jury to return a verdict for Maude McIntyre. It is the contention of the appellants that the placing of the release of the Perdomo mortgage of record, which was regular upon its face, was sufficient to create an issue of fact in relation to its execution for submission to the jury.

C. W. Perdomo gave his deposition in Bolivia, as is provided by law, for use as evidence in the trial of this cause. C. W. Perdomo testified that he was a resident of Bolivia, South America, and had resided there for several years; that he had not been beyond the boundaries of that country at any time during the period in which the incidents occurred and which are involved in this suit; that he had never been in the city of Oklahoma City; that he did not execute the release in question, nor authorize any person to execute the same for him. The testimony of the witness was not disputed or questioned by Blanche W. Polk. There was no issue of fact upon this question for submission to the jury. The foreclosure of the mortgage was a question of law for the court.

The evidence discloses that Aurelius-Swanson Company wired Mary Watterworth, care of A. S. Vavra, at Pasadena, Cal., on April 29, 1919, that the Blanche Polk mortgage would soon be paid, and requested that abstract and all papers be mailed to its office for collection. A. S. Vavra was a son-in-law of Mrs. Watterworth, and Mrs. Vavra answered the telegram by her letter signed as agent for Mrs. Watterworth on May 1, 1919, to the effect that release would be sent to Aurelius-Swanson Company by the bank as soon as papers could be prepared. Mrs Watterworth, who lived at Pasadena, Cal., received a letter from Aurelius-Swanson Company bearing date as of May 2nd, through the National Bank of Pasadena. It appears that Aurelius-Swanson Company wrote this letter before receiving the letter written by Mr. Vavra, on May 1st. It appears that Aurelius-Swanson Company, in its letter of May 2nd, submitted to Mrs. Watterworth the offer of Mrs. Polk to satisfy the note and mortgage by paying the principal and interest due to date. Mrs. Watterworth answered Aurelius-Swanson Company from Pasadena, Cal., on May 5, 1919, to the effect that she would be unable to secure paper in place of the Polk mortgage which would bear a greater rate of interest than 5 per cent., while the Polk mortgage carried an interest rate of 6 per cent. She offered to accept as satisfaction for the note and mortgage the payment of the principal with interest to date, plus the equivalent of 1 per cent. per annum on the principal to September 2, 1921, the date of maturity. The letter closed with the following paragraph:

"Kindly make settlement on the above

basis, if you desire, to National Bank of Pasadena".

It will be noted that the telegram of Aurelius- Swanson Company to Mary Watterworth, care of A. S. Vavra, did not contain the terms upon which Mrs. Polk offered to satisfy the indebtedness. The answer thereto by the daughter of Mrs. Watterworth did not refer to any terms. The first letter relating to the terms upon which Mrs. Polk desired to satisfy the indebtedness was contained in Aurelius- Swanson Company's letter of May 2nd, to Mrs. Watterworth, through the Pasadena National Bank. Mrs. Watterworth declined the proposition in her letter of May 5th, and submitted different terms for settlement. The letter further directed that payment on the basis submitted be made to the National Bank of Pasadena. No further correspondence was had between Mrs. Watterworth and Aurelius-Swanson Company. It appears from the record that Mrs. Polk sent her sister, Mrs. Sloan, to the office of Aurelius-Swanson Company in Oklahoma City, on October 14, 1919, with the principal and interest to date to satisfy the note and mortgage owing to Mrs. Watterworth. Mrs. Sloan paid this amount to the mortgage company and received its receipt acknowledging such payment. Mrs. Sloan testified as a witness for her sister in the trial of this cause, and on cross-examination, she answered an inquiry as to what information she had as to the holder of the note and mortgage in the following language:

"A. Before I paid it I told them my sister wanted to pay and for them to get the papers. Q. When you paid the note did you request them or ask them to deliver the note to you? A. Yes, I did, and they issued that receipt and said they would get the papers."

The note and mortgage were not yet due and would not mature until September 2, 1921. Mrs. Watterworth was not required to accept payment of the indebtedness until maturity. Mrs. Watterworth could require the place of payment before maturity to be at a place different from that fixed by the terms of the note and mortgage. Mrs. Polk was charged with knowledge of the fact that the note and mortgage might pass into other hands through assignment before maturity; that payment to Aurelius-Swanson Company before maturity of the note and mortgage was at her own peril.

The matter of the possession of the note and mortgage, if she intended to pay the same before maturity, and its return to Mrs. Polk, were questions that concerned

only the latter. The promise of Aurelius-Swanson Company to procure the note and mortgage and to deliver the same to Mrs. Polk, was for the benefit of the latter, and in so doing the company was acting as the agent of Mrs. Polk. Aurelius-Swanson Company failed to send the money to the National Bank of Pasadena, but did continue to send payments of the interest coupons, when same became due, to Mrs. Watterworth until the maturity of the note and mortgage on September 2, 1921. The mortgage company had instructions from Mrs. Watterworth under date of May 15, 1919, that settlement for the indebtedness must be made to the National Bank of Pasadena, Cal. The holder of the paper was taking every precaution within her power to receive satisfaction of the indebtedness before releasing the mortgage. If Mrs. Polk had discharged the duties imposed upon her by law as nearly as Mrs. Watterworth, this case would not be here. The next incident that occurred in this transaction was the claim made by Mrs. Polk that Aurelius-Swanson Company advised Mary Watterworth in March, 1920, that it had received collection of the indebtedness, and that the company would be glad to substitute a mortgage for payment of the proceeds from the Polk loan. Mrs. Polk made proof of the supposed letter by a carbon copy of the purported letter. The files did not disclose any answer from Mrs. Watterworth during her lifetime. Aurelius-Swanson Company wrote to the National Bank & Trust Company, after the death of Mrs. Watterworth on July 31, 1920, to the effect that it would be 20 or 30 days before Mrs. Polk would be able to pay the loan. Aurelius-Swanson Company enclosed the interest payment on the mortgage due March 2, 1921, in its letter of June 17, 1921, to the First Trust & Savings Bank of Pasadena, for the benefit of the holder of the note and mortgage.

It is the contention of the plaintiffs in error that the act of Mrs. Watterworth in permitting Aurelius-Swanson Company to collect the interest coupons, and transmit the money to her, and the act of her daughter in writing the letter of May 1, 1919, to the effect that the bank would send release for the mortgage with the necessary papers, were sufficient to create an issue of fact for submission to the jury on the question of Aurelius-Swanson Company's acting as agent for Mrs. Watterworth in receiving the payment from Mrs. Sloan for her sister. It appears that the correspondence on the part of the mortgage company in relation to the

payment of the mortgage comes about at the instance of Mrs. Polk, and that the mortgage company was acting for Mrs. Polk in this respect. The letter of Mrs. Watterworth discloses that she was not concerned about receiving payment of the mortgage until its maturity, except upon certain conditions. The letter further provided that settlement should be made therefor with the Pasadena National Bank. The evidence does not disclose that Mrs. Polk knew of the letter from Mrs. Watterworth's daughter bearing date as of May 1, 1919. Mrs. Watterworth's letter of May 5th made the matter clear as to her desires in relation to the payment of the mortgage and how the payment should be made. Since the mortgage company was acting for Mrs. Polk in this respect, it was the duty of the company to convey this information to Mrs. Polk. The default of the mortgage company in this respect is not a matter that affects Mrs. Watterworth. The letter of Mrs. Watterworth of May 5th shows clearly the terms upon which she would accept settlement of the indebtedness, and the persons to whom payment should be made. Mrs. Polk knew that Aurelius-Swanson Company did not have possession of the note and mortgage at the time the money was paid to the company. It appears that she relied upon the promise of the mortgage company to procure the note and mortgage and send same to her. The mortgage company committed a breach of its promise to her without fault upon the part of Mrs. Watterworth. There is no evidence in this case which shows that Mrs. Watterworth ever intended to constitute the mortgage company as her agent for receiving payment of the money in settlement of the note and mortgage, but, on the other hand, the evidence shows that the Pasadena National Bank was made the agent to receive the payment. There being no question of fact in this respect for submission to the jury, it was not error for the court to instruct the jury to return a verdict for Maude McIntyre. Chase v. Commerce Trust Co., 101 Okla. 182, 224 Pac. 148; W. R. Smith et al. v. First National Bank, 23 Okla. 411, 104 Pac. 1080, 29 L. R. A. (N. S.) 576; Geo. Wendling v. Aurelius-Swanson Co., 106 Okla. 63, 232 Pac. 932.

The judgment is affirmed.

By the Court: It is so ordered.

Note:—See under (1) 2 C. J. pp. 960, 962, §731; 21 R. C. L. p. 822; 3 R. C. L. Supp. p. 1192; 4 R. C. L. Supp. 1432. (2) 2 C. J. p. 959, §729; 38 Cyc. p. 1574. (3) 4 C. J. p. 1129, §3122.