## KLEIN v. FEDERAL LIFE INS. CO.

No. 22840. Oct. 16, 1934.

Rehearing Denied Dec. 4, 1934.

Rueben M. Roddie and J. O. Whiteside, for plaintiff in error.

Arthur N. Adams and H. T. Tumulty, for defendant in error.

PER CURIAM. The plaintiff in error, Edith Klein, commenced this action to foreclose a real estate mortgage given by J. V. Means and wife to the Conservative Loan Company to secure their note in the sum of $1,000, alleging that she was the owner thereof by proper assignment, but the said note and mortgage were not, at that time, in her possession. The defendant in error, Federal Life Insurance Company, answered in said cause, denying the plaintiff in error's ownership of said note and mortgage, and alleging that it was the owner of the same, and by cross-petition sought the foreclosure of said mortgage, and all other pleadings filed by the parties raised the issues as to the validity of the assignment and claim of ownership of the defendant in error, Federal Life Insurance Company. The evidence in this cause discloses that on the 14th day of February, 1919, one J. V. Means, joined therein by his wife, Annie Means, executed to the Conservative Loan Company their note in the sum of $1,000 securing the same by a real estate mortgage on certain lands located in Le Flore county, Okla., which note was due and payable on March 1, 1929; that the said note and mortgage were purchased from the Conservative Loan Company by the plaintiff in error, Edith Klein, through her attorney, Paul Kerz, it executing a written assignment for the mortgage, which assignment contained the name of Edith Klein, the plaintiff in error herein, as assignee; that the plaintiff in error, Edith Klein, permitted her attorney, Paul Kerz, to retain possession of said note and mortgage and to collect the accruals thereunder. The said attorney transacted considerable business for her, especially that part of her business that concerned her securities; that on the first day of July, 1924, or immediately thereafter, the said Paul Kerz, for a good and valuable consideration, delivered to Fidelity Land Credit Company the aforesaid note, together with an assignment of the mortgage securing the same, which assignment purported to have been executed by the plaintiff in error, Edith Klein, and acknowledged before the said Paul Kerz, as notary public, the plaintiff in error testifying in said cause that said assignment was a forgery, she not having signed the same or authorized any one to sign the same for her; that thereafter, to wit, on the 16th day of July, 1924, the said Fidelity Land Credit Company delivered said note and executed a written assignment of said mortgage to the defendant in error, Federal Life Insurance Company, it being stipulated and agreed by and between the plaintiff in error and the defendant in error, that neither the Fidelity Land Credit Company nor the defendant in error, the Federal Life Insurance Company, had any notice or knowledge whatsoever that the aforesaid assignment was forged, and that the note and mortgage were transferred on each of the said occasions, indorsed in blank and before maturity of the principal indebtedness and for value received.

The plaintiff in error makes five assignments of error in this cause, namely:

(1) The court erred in overruling the plaintiff in error's motion for a new trial.

(2) That the judgment of the court is contrary to law.

(3) That the judgment of the court is not supported by the evidence.

(4) Error of law committed by the court at the time of trial.

(5) Error of the court in holding that the defendant in error, Federal Life Insurance Company, was an innocent purchaser in the face of the evidence of forgery of the assignment.

None of these assignments of error, in our opinion, possesses any merit.

It is immaterial whether or not the assignment purporting to have been executed by the plaintiff in error was forged or genuine, and the stipulation between the parties contains sufficient facts to warrant the court in rendering judgment in favor of the defendant in error, Federal Life Insurance Company, finding it to be the owner of said mortgage and foreclosing the same. The plaintiff in error, in her brief, presents this case upon the theory that an assignment of mortgage was subject to the same formalities of execution as the mortgage itself, or any other conveyance concerning real estate, citing numerous authorities as to the validity of instruments of conveyance of an interest in real estate on which the acknowledgment is defective or void, but since the promissory note, when properly negotiated to a holder in due course, who has no actual

knowledge of any defects in the transferror's title, carries with it all of the rights under a mortgage, as was held by this court in the case of Wendling et ux. v. Aurelius-Swanson Co. et al., 106 Okla. 63, 232 P. 932, as well as several other cases, it is readily apparent that such authorities cited by the plaintiff in error are not in point, nor do the same concern the issues of law involved herein. It is well settled in this state that a negotiable promissory note, when indorsed in blank, is thereafter payable to bearer and may be negotiated by delivery. Stevens v. Pierce, 79 Okla. 290, 193 P. 417; too, that a mortgage is an incident to the note, and when good title passes to the note it carries with it good title to the mortgage. Wendling et ux. v. Aurelius-Swanson Co., supra; Foster v. Augustanna College & Theological Seminary, Rock Island, Ill., 92 Okla. 96, 218 P. 335.

Therefore, since it is apparent from the record that the note in controversy was indorsed in blank, and that the same was negotiated by the plaintiff in error's attorney to the Fidelity Land Credit Company for value before maturity, it having no knowledge of any kind of the character of any defect in the assignment or of said attorney's right to negotiate the same, the Fidelity Land Credit Company became the holder in due course, and even though the assignment of the mortgage is void, such assignment being unnecessary, all of the rights under the mortgage pass with the note, and the said Fidelity Land Credit Company has obtained good title thereto, and when the same was transferred to the defendant in error, Federal Life Insurance Company, for value, they having no notice of any defects in previous assignments, the defendant in error became the owner and holder of said note and mortgage in due course, and, of course, had the right to foreclose the same. It therefore follows that the trial court committed no error in rendering judgment for the defendant in error, Federal Life Insurance Company, and the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys T. H. Blosser, E. J. Meacham, and Jess C. Wesner in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Blosser and approved by Mr. Meacham and Mr. Wesner, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.