## FIRST NAT. BANK OF COYLE v. HORSLEY et al.

No. 23532.    June 25, 1935.

Rehearing Denied Oct. 8, 1935.

Earl Sadler, for plaintiff in error.

E. P. Ledbetter, for defendants in error, except Fred Horsley.

PER CURIAM. This is an action by the First National Bank of Coyle to foreclose mortgage held by it on house and two lots located in Oklahoma City, Okla. The facts in this case are as follows: The Traders

Finance Corporation owned two lots in Oklahoma City, which it sold to Fred Horsley for an agreed price of $700. The Traders Finance Corporation deeded the lots to Horsley and in return Horsley gave said corporation a mortgage for $2,000 on the lots, the agreement being that Horsley would build a house on the lots and the finance company would advance the money for that purpose. The note and mortgage were dated the 18th day of July, 1930, and were due the 18th day of November, 1930. The house was constructed. On the 15th day of November, 1930, the finance company, through its agent, Gus Howerton, sold and assigned to plaintiff said note and mortgage. At the time of the sale two mechanics' liens had been filed in Oklahoma county against the property. Soon after the date of sale the remainder of the defendants filed their lien claims. At the time plaintiff purchased said note and mortgage, plaintiff had notice that a house had just been constructed on the property. All lien claims were filed and all indebtedness occurred in the construction of the house subsequent to the date of recording of the mortgage sued on herein. The indebtedness due the plaintiff was not paid, and plaintiff filed foreclosure suit, making parties defendant all lien claimants as well as Fred Horsley. The Traders Finance Corporation was not made a party to the suit. Horsley did not defend the suit, and the case was tried as to the rights of the lien claimants. The trial court held that plaintiff had a first and prior lien on the property to the extent of $900, this being the purchase price, $700, plus the sum of $200, which apparently the court found the Traders Finance Corporation had advanced on the cost of building the house, although the court made no specific finding of how it arrived at this figure, and that the lien claimants were prior to the balance due on the plaintiff's note and mortgage. The trial court made a specific finding of fact that the plaintiff was a bona fide purchaser for value of said note and mortgage before maturity.

If this were a suit between the original mortgagee and mechanic's lien claimants it would present little difficulty. In the hands of the original mortgagee, the priority of a mortgage, for other than the purchase price, is not necessarily superior to mechanic's liens subsequently filed. If held by the original mortgagee, the amount of priority is limited to the amount of money actually advanced by said mortgagee under said mortgage. 40 C. J. page 304.

The important question is whether the assignee of said note and mortgage, being a bona fide purchaser for value before maturity and with no actual notice of any mechanic's liens that have been filed against the property subsequent to the mortgage sued on, has rights under the mortgage superior to the rights of the original mortgagee. The Oklahoma decisions seem to hold uniformly that where, prior to maturity, a negotiable promissory note secured by mortgage on real estate is sold to a bona fide purchaser for value, the mortgage securing said promissory note shares the same immunity in the hands of the bona fide purchaser as the negotiable note.

Wendling v. Aurelius-Swanson Co., 106 Okla. 63, 232 P. 932, holds as follows:

"A mortgage, given to secure a negotiable promissory note, is negotiable and both the note and mortgage are governed by the laws pertaining to commercial paper.

"A mortgage given as security for a negotiable note is an incident thereto and passes with the note into the hands of the assignee, without a separate endorsement or assignment; and is entitled to the same protection in the hands of an innocent purchaser before maturity, as the note itself."

Under the Negotiable Instruments Law of the state of Oklahoma, and the interpretation placed thereon by this court, the fact that the plaintiff had constructive notice of the filing of mechanic's liens, and the fact that plaintiff knew that a house had just been built on the property, were not sufficient to prevent plaintiff from being a bona fide purchaser.

Section 11355, O. S. 1931, is as follows:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

In Foster v. Augustanna College and Theological Seminary, 92 Okla. 96, 218 P. 335, this court held in part as follows:

"The purchaser in good faith and for value of underdue negotiable paper is not chargeable with constructive record notice of defects and infirmities in the title of the transferrer not apparent on the face of the instrument, the true test in such cases being the presence or absence of bad faith.

"Mere failure to follow constructive record notice of a defect in the title of the

transferrer of a promissory note does not amount to bad faith within the meaning of sec. 4106, Revised Laws of Oklahoma, 1910 (sec. 11355, O. S. 1931).

The trial court found no evidence of bad faith on the part of the plaintiff. Indeed, the trial court held that plaintiff was an innocent purchaser of the note and mortgage for value prior to maturity. A careful examination of the transcript of the evidence leads us to the conclusion that the finding of the trial court on this point was entirely sustained by the proof.

As we understand the ruling of the trial court, it was, in effect, as follows: The court found that there was a partial failure of consideration between the original mortgagor and original mortgagee, that there was only due under the note and mortgage sued on the sum of $900, this being the purchase price of the lot in the sum of $700 and an additional sum of $200, which apparently the trial court found was the sum advanced by the original mortgagee on the cost of construction of the house. This is the explanation made of the amount fixed by the trial court in the brief of the defendants in error. In other words, if the original mortgagees had advanced the full face amount of the note and mortgage, the trial court would have held that the plaintiff had a first and prior lien on the security for that amount. This leads us to the question, Is the defense of partial failure of consideration valid against a bona fide purchaser for value of a promissory note secured by real estate mortgage?

Syllabus No. 1 of Foster v. Augustanna College and Theological Seminary, cited above, is in part as follows:

"A promissory note, though secured by a real estate mortgage, is still negotiable paper and imparts its negotiable character to the mortgage and brings both within the purview of the statutes relating to commercial paper. * * *"

It is clear that, under the Negotiable Instruments Law of Oklahoma, the defense of partial failure of consideration is not available against a bona fide purchaser for value of negotiable note and real estate mortgage securing same by the original signer of the note and mortgage in foreclosure suit on same.

Since it is clear that the original maker of the note could not raise the defense of partial failure of consideration, the next question is whether or not the defendants in error, the holders of mechanic's liens against

such property which have attached subsequent to the date of the recording of the mortgage sued on, have any better right to raise this defense.

In the case of Hayward Lumber & Investment Co. v. Naslund (Cal.) 13 P. (2d) 775, the facts were similar to the present case, save that the parties were reversed. The suit was brought by the lien claimant and the assignees of the mortgagee were made parties defendant to the suit foreclosing the mechanic's lien. The trial court decided in favor of the defendants, and plaintiff appealed. The decision of the trial court was affirmed. In this case the trial court found that the execution of the promissory note and deed of trust was without any consideration, but that purchasers had no knowledge, information, or belief that the execution of the note and deed of trust was without consideration, and both of the holders of the note, before maturity, took the same in good faith and for value, and neither of them had any notice of any infirmity in said note or of any defect in the title thereto. The trial court adjudged the deed of trust was prior to the appellant's materialman's lien. The evidence disclosed that the purchaser of the note and deed of trust caused a search of the records to be made to ascertain when appellant began the delivery of the materials, and he learned that the deed of trust had been recorded prior to the time the materialman's lien accrued, also there was nothing on the face of the promissory note or deed of trust to impeach their validity, or which disclosed any infirmities or defects of title, or which would cause suspicion. The opinion of the court in the Hayward Case, cited above, at page 778, is in part as follows:

"The materialman's lien is based upon the title of the owner and the lienholder 'stands in the shoes' of the owner, so far as an innocent purchaser is concerned. If the quality of negotiability which is possessed by the note is imparted to the trust deed which secures its payment, it follows that the holder of a subsequent materialman's lien cannot impeach the trust deed by reason of the absence of consideration for the execution of the note and trust deed, when such trust deed is held by an innocent purchaser. * * * A contrary doctrine would greatly curtail the use of negotiable instruments."

In the case before this court the mortgage was recorded before the defendants commenced to furnish material, and the mortgage, which is fully recorded, takes precedence over liens for materials furnished

subsequent to the date of recording the mortgage. It was the duty of the defendants to take such precaution as a reasonably prudent man would have done under similar circumstances and to have ascertained that there was a mortgage on record against the property.

The judgment of the trial court is therefore modified, and the plaintiff in error is held to have a first and prior lien on the property involved in this suit to the extent of the face amount of its note and mortgage, plus interest, costs and attorneys' fee, and the liens of the defendants in error are subject thereto.

The judgment of the trial court, as modified, is affirmed.

The Supreme Court acknowledges the aid of Attorneys Richard Martin, George Leopold, and C. E. Castle in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Martin and approved by Mr. Leopold and Mr. Castle, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.